CLEVELAND, RECEIVER, v. McCRAVY.

1. SHERIFF—TAX EXECUTION—COSTS.—A sheriff does not levy tax warrants by virtue of his office as sheriff, but under authority of the tax statutes, and he is not entitled to costs or commissions on a tax warrant or execution illegally levied by him.

2. COURTS—JURISDICTION.—When any court of competent jurisdiction takes possession of property, every other court is ousted of jurisdiction so long as such possession is maintained. *Voorhies, Miller & Co.* v. *Hurst, Purnell & Co. et al.*, 46 S. C., 114, followed.

3. COSTS—REV. STAT., SEC. 348.—Under section 348 of Revised Statutes, the sheriff is entitled to collect five per cent. on such sums *only* as he collects out of property sold under the levy of a tax execution.

4. SHERIFF'S FEES—TAX EXECUTION.—Fees collected by a sheriff on a tax execution belong to him, and do not go into the State treasury, and the rule requiring action to be brought in thirty days against county treasurer for taxes paid under protest, does not apply in such case.

5. RECEIVER.—IBID.—When a court appoints a receiver to take charge of property, during such receivership the property is in possession of the court, and while in its possession cannot be levied on by sheriff under tax executions.

Before EARLE, J., Laurens, October 3, 1895. Affirmed.

Action by John B. Cleveland, as receiver of the Port Royal and Western Carolina Railway Company, against Geo. S. McCravy, as sheriff of Laurens County, to recover commissions paid to him under protest on tax executions under which he had levied on the said property in the hands of the receiver. The judge charged the jury as follows:

I understand that you do not claim the amount paid the treasurer for treasurer's cost (to counsel for plaintiff)?

Mr. Simpson: No, sir; we would like to eliminate that four dollars; we make no question on that—do not ask for that.

By the Court: Mr. Foreman and gentlemen of the jury: John B. Cleveland, as receiver of the Port Royal and West-

ern Carolina Railway Company, brings this suit against George S. McCravy, as sheriff of Laurens County.

It appears from the pleadings that John B. Cleveland was duly appointed receiver of this corporation, the Port Royal and Western Carolina Railway Company, in the place of H. M. Comer, who had some time before that been appointed receiver of the same company. It appears that while this property of the corporation was in the hands of the receiver, the defendant, as sheriff of this county, Laurens County, levied upon certain property, to wit: two steam engines and certain cars, under a warrant duly issued against the company for taxes. It appears from the pleadings that the receiver, after the property had been levied upon by the sheriff, offered to pay the taxes and penalties thereon, but the sheriff refused to release the levy unless the company should also pay his costs and commissions. It further appears that the plaintiff, as receiver, paid the amount sued for, to wit: the costs and commissions claimed by the sheriff, under protest, and now brings his suit against the sheriff for the same, amounting to $376.16, and the sum of $8, aggregating the sum of $384.16, with interest thereon from the 4th day of February, 1893, together with the costs and disbursements of this action. The plaintiff admits that four dollars should be eliminated, and they don't claim, therefore, the additional sum of four dollars. They concede that the treasurer's costs, amounting to four dollars, was rightly charged, and they have no claim for that amount.

Now it is admitted that the sheriff did levy under that tax execution or warrant, and that the railway company, as it proved, did pay, or rather as the testimony shows—it is for you to say whether you believe it or not—did pay the amount claimed under protest; and the question now is, whether they are entitled to recover it back? Very well; this corporation, it appears, was in the hands of the receiver appointed by the United States Court. We live under a duplex system. There is federal jurisdiction and the State jurisdiction, and very often there has been danger of those

two systems clashing against each other; but it is a well-recognized rule that the court, whether it be federal or State, which first acquires jurisdiction of a thing holds it, and the other court cannot interfere. For instance, if a marshal of the United States, under an execution issued by the United States Court, levies upon property, the sheriff of your county, under an execution of a State Court, could not interfere with the marshal; and if the sheriff of your county levies first, under an execution from the State Court, the marshal of the United States could not interfere with him. If the State Court takes possession of property, then the United States Court will not interfere, except possibly under the law whereby causes can be removed from the State Court to the United States Court; but, so far as its executive officers are concerned, the one cannot interfere with the other. The court that first acquires jurisdiction holds it. Well, now, this property was in the hands of the plaintiff here as receiver appointed by the United States Court.

What is a receiver? It is simply the hand of the court. When property is in charge of a receiver, it is in the custody of the law, in the charge of the court. Why does a court take charge of it? In order that the rights of all parties who may be concerned in the matter may be adjudicated, regularly adjudicated, and the property be paid out according to law, the property be administered according to law. The court takes charge of it for the benefit of all persons concerned. Well, when the court took charge of this property, it appears that there was a lien on it for taxes due to the State of South Carolina. That lien was not divested by the action of the United States Court in appointing this receiver. The lien for taxes still existed, and was prior to all other liens. The State had to be paid first after certain costs of the court were satisfied; but so far as the enforcement of the lien was concerned, application must be made to the court.

I charge you that the sheriff could not levy upon the property in the hands of the court. He had no legal right

to interfere, and when he did interfere, if he knew the property was in the hands of a receiver, then he was in contempt of that court.   But, so far as this case is concerned, it matters not whether he knew it or not.   If the property was in the hands of the receiver, then he could not levy upon it; and if he did levy upon it, and the receiver paid under protest this amount of money which is claimed, then he has no right to keep it.   I charge you that the five per cent. to which he is entitled for levying does not mean five per cent. upon all moneys which passed through his office, and if he had no right to levy upon the property, and the money, to wit: the five per cent., and his costs were paid by the receiver under protest, then the receiver has a right to recover it from him.   That I take to be the law.

Now it has been said in the argument here that this is a suit against the State.   I will dismiss this by saying that it is not a suit against the State.   Wherever an officer is sued, and he undertakes to justify as an officer acting under the authority of law, and to show that the suit is really not against him but against the State, he must show that what he did was lawfully done, that he acted in accordance with law, and if he does not show that, then, of course, he cannot contend that it was a suit against the State.   It also has been urged that under the statute which prohibits the court from enjoining the collection of taxes, or issuing any writ preventing the collection of taxes, this receiver could not have been appointed so as to interfere with the State in the collection of taxes.   I hold that that ground is not well taken, that that statute in no way prevents the court from appointing a receiver for the property, and if the property was in the hands of the receiver it was in the hands of the court, and could not be attached by the sheriff; and it therefore follows, if it could not be attached by the sheriff, that the sheriff is not entitled to any fees or costs for attaching the property, or to any commissions on the property so attached, or on the money collected as a consequence of his

levy, where that money was paid under protest, if you believe it was paid under protest according to the testimony.

Now, gentlemen, there is no charge against the sheriff that he has done anything wilfully wrong. I haven't the least doubt, and know you haven't any doubt, that he acted as he thought was his duty, but at the same time he acted without authority of law, and if he has received the money from this receiver, paid by the receiver under protest, and received it after he had levied upon this property, and if he had no right to levy, as I have charged you, then, if you believe these facts, your verdict must be for the plaintiff. That is the law of the case. If I am wrong in my views of the law, then I am glad to know that there is another court that can correct me. You are bound to take the law from the court. You decide the facts of the case. If the facts are as they have been stated by the witnesses, then the conclusion follows that the verdict must be for the plaintiff. The facts are for you; the law is for the court. I charge you that the sheriff had no right to retain that money, if received by him under the circumstances as the witnesses have testified. Take the record. If you find for the plaintiff, say, "We find for the plaintiff so many dollars," writing it out in words and not in figures. If you find for the defendant, simply say, "We find for the defendant."

I am requested by the plaintiff to charge as follows: "The property being at the time of levy in the hands of a receiver appointed by the United States Court, the levy was illegal, and all costs and commissions paid to the sheriff for such levy were illegal, and may be recovered with interest in this action." (Supreme Court Reporter, vol. 13, page 785, *Ex parte* Tyler.) I so charge you.

I am requested to charge by the defendant as follows:

1st. "That if the jury believe from the evidence that the tax executions were lodged with the sheriff, then, as a matter of law, the sheriff became entitled to his commissions, no matter whether the levy was illegal or not, and the verdict must be for the defendant." That I refuse to charge you.

2d. "That a tax execution stands upon same footing as any other execution, and whether any levy is made or not, when the defendant pays, he must pay the costs and commissions." That proposition might be correct, but I charge you, if the sheriff had no right lawfully to levy, and the plaintiff paid under protest, that if the levy was illegal, as I have charged you, then he could have no right to retain it.

The jury found for the plaintiff. From the judgment the defendant appeals on following exceptions:

1st. Because he erred in holding that the sheriff was not entitled to five per cent. commission on money collected by him under tax executions, unless he had made a legal levy upon property of the defaulter.

2d. Because he erred in holding and charging the jury, that if the property of the railway company was in the hands of a receiver appointed by the United States Court, there could be no levy for taxes upon said property.

3d. Beause he erred in charging that the defendant was not entitled to five per cent. commission on the moneys collected by him under said tax executions.

4th. Because he erred in charging the jury, that if they believed the testimony of the witnesses, they should find for the plaintiff.

5th. Because he erred in charging, that if the railroad company paid the sheriff commissions under protest, that the plaintiff could recover back the said commissions.

6th. Because he should have held, that when the railroad company paid the taxes and penalties after levy, the commissions followed as an incident to taxes collected.

7th. Because he erred in refusing to charge the defendant's requests.

*Messrs. Johnson & Rickey, Ferguson & Featherstone,* and *F. P. McGowan,* for appellants.

*Messrs. S. J. Simpson, Joseph Ganahl,* and *Simpson & Barksdale,* contra.

March 18, 1896. The opinion of the court was delivered by

Mr. Justice Pope.    In July, 1892, under a bill in equity in the United States Circuit Court for the District of South Carolina, one H. M. Comer was duly appointed by such court the receiver of the plaintiff corporation, under which appointment the said H. M. Comer, as such receiver, possessed himself of all the property of said railway.   On the 2d day of February, 1893, the said railway company having failed to pay the State of South Carolina the taxes legally assessed against it, the defendant, as sheriff of Laurens County, in the State aforesaid, by virtue of sundry tax executions to him directed, against the property of said railway company for its unpaid taxes, entered upon the premises in the possession of the said receiver and seized and took possession of two engines and a train of box cars as, and which were, the property of the said railway company, so that the said two engines and train of box cars could not be used for railroad purposes.   That thereupon, on the 4th day of February, 1893, the said H. M. Comer, as receiver as aforesaid, offered to pay unto the defendant, as sheriff as aforesaid, all the taxes and penalties due by such railway company on its unpaid taxes; but the said defendant refused to release his levy upon such property unless he was paid, in addition to such taxes and penalties, his commissions of five per cent. upon all such taxes and penalties, which amounted to $377.16.   This latter payment (five per cent. commissions to the sheriff) was made under solemn protest of said H. M. Comer, as receiver, and was only made in order to obtain the use of said two engines and the train of cars levied upon as aforesaid.   On the 4th day of June, 1893, the plaintiff, John B. Cleveland, was duly appointed the successor of the said H. M. Comer as such receiver by the United States Circuit Court for the district of South Carolina, and in the order of his appointment it was provided that such John B. Cleveland, as such successor, as receiver as aforesaid, should have the right, and it was made his duty, to sue for and recover any

sum of money due by others to the corporation of which he was receiver. Thereupon, on the 17th day of January, 1894, the said John B. Cleveland, as receiver, began his action against the said George S. McCravy, as sheriff as aforesaid, as defendant, to recover the said sum of $376.16, and for $4 besides, for some costs he claimed were improperly collected at the same time the said sum of $376.16 was paid.

The defendant, as sheriff, in his answer, admitted the levy by him upon the alleged railroad property, and that he refused to release the levy thereon unless and until such $376.16 and $4 was paid, justifying his conduct by reason of the mandate of the tax execution to him directed, and that such sum of $376.16 and $4 were due him under the provisions of the laws of the State of South Carolina.

The cause came on for trial before his honor, Judge Earle, and a jury, and resulted in a verdict for the plaintiff for $380.16. After entry of judgment thereon, the defendant appealed to this court. The judge's charge to the jury and the grounds of appeal will be set out in the report of the case. All of the exceptions are confined to allegations of error in the judge's charge.

First. It is contended by appellant that the sheriff in this instance was entitled to collect five per cent. commissions on all moneys collected by him under tax executions, whether he has made a legal levy or not.

It should be remembered that the sheriff does not collect money on tax executions by virtue of his office as sheriff; it is only because, under the tax laws, he is so empowered that he can do so, for it was in the power of the legislature, if they had seen proper to do so, to delegate this power to any other official or individual. So, therefore, it seems to us that the fees and commissions, as other compensations, of the sheriff, in reference to the collection of taxes under tax executions, must be gathered from our tax laws. Now, when we turn to these laws, we find section 348 of the civil statute laws of the State is in these terms: "The treasurer for every such warrant"

(the word "warrant" and the word "execution" are interchangeable in the statute) "shall have from such defaulter $1; and the sheriff shall take from such defaulter the following fees in the execution of his office, to wit: For serving each warrant, $1; besides mileage at the rate of five cents for each mile actually traveled in executing the warrant; for advertising sale, twenty-five cents; for making sale and executing deed of conveyance and putting purchaser in possession, $3; and for all sums levied as aforesaid, five per cent.: *Provided*, That the printer's charges for advertising shall not exceed fifty cents for each tract of land and twenty-five cents for personal property, levied on under such execution; and the sheriff is prohibited from demanding or collecting any greater sum therefor than is here allowed; and neither the sheriff nor county treasurer shall receive fees upon *nulla bona* returns." Now it seems to us quite clear that the services contemplated to be rendered by the sheriff under this section are specific: 1. A service by the sheriff of the warrant or execution. 2. Advertising sale, twenty-five cents. 3. Making sale, executing deed, and delivering possessions. 4. And "for all sums levied as aforesaid, five per cent." And it would not be legal for the sheriff to collect for either one of the four items unless he had rendered a specified labor. The use of the words, "levied as aforesaid," clearly point to the three preceding requirements. Of course, such services would have to be legally rendered, for such costs to be incurred by a delinquent taxpayer.

Second. We find no difficulty in reaching the conclusion that the sheriff had no right to levy those tax executions (or any other executions, for that matter,) on this property in the hands of the receiver. When any court of competent jurisdiction takes possession of any *res*, every other court is ousted of jurisdiction over that *res* as long as such possession is maintained. *Voorhies, Miller & Co.* v. *Hurst, Purnell & Co. et al.*, 46 S. C., 114. Even in the matter of taxes to be collected, such *res* is pro-

tected against direct proceedings to collect the same, if in the hands of a receiver. Judge Earle, with his usual clearness, has stated the law correctly here. See *In re Tyler*, 149 U. S., 164.

Nor do we see any benefit which can accrue to appellant under his third ground of appeal. The only way the sheriff could collect the five per cent. for his collections on tax executions would be under section 348, *supra*, for certainly, under the general law of the State regulating sheriff's fees, he would not be allowed anything like five per cent. commissions on the large amounts collected by him from this railway company, as we have just held, in considering the first ground of appeal, that the language used in section 348, *supra*, restricts his charges of five per cent. to moneys collected by a sale of property under the levy of a tax execution.

As to the fourth ground of appeal, it was not error of the Circuit Judge to make the charge he did, as pointed out in this exception. The issues were virtually narrowed down to legal issues, so far as defendant's testimony was concerned. What was left to the jury to do but find for the plaintiff, if they believed plaintiff's testimony?

Nor do we find any difficulty in holding that the plaintiff could maintain this action, notwithstanding more than thirty days had expired. These commissions, collected and paid under compulsion, did not go into the State treasury, but, if legal, belonged to the defendant, as sheriff. We know of no law that limits the right of action for moneys so collected by an officer as his fees to the thirty days immediately succeeding such collections.

As to the sixth ground of appeal, we cannot sustain it. Of course, all persons who have a regard for the nice performance of civil duty, recognize the propriety of corporations paying their taxes with the same promptitude as private citizens—for all should pay for the protection of the government to them, and no one is disposed to attach any

blame to the very worthy sheriff, in his effort to discharge a duty he understood the law had placed upon him in his official character; but, at the same time, if the views we have hereinbefore announced forbade any attempt on his part to levy these tax executions upon this railway property while in the hands of the United States Circuit Court for the district of South Carolina, and that is the result when such court appointed a receiver of this railway property, then it was an illegal act of the sheriff to so levy those tax executions; and when the receiver paid these commissions under protest, it left that question open. The seventh ground of appeal is too general to be considered.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.