## 13990

PLAXICO *ET AL.* v. WEBSTER, TAX COLLECTOR

(178 S. E., 270)

*Messrs. Johnston & Williams* and *Ray Godshall*, for appellant,

*Messrs. Hall, Vassy & Hall*, for respondents,

January 30, 1935.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This case involves the construction of certain language contained in subdivision 4 of Section 2868 of the 1932 Code, relating to the office of "tax collector for Cherokee County." The specific inquiry is as to the amount of commissions to which the tax collector is entitled for the levying and collection of taxes and penalties from a defaulting taxpayer. The language of the subdivision, in full, is as

follows: "The treasurer for every such warrant issued shall add such costs and fees in the following manner: Treasurer, $1.00. And the tax collector herein provided shall levy and collect from such defaulter the following fees in the execution of his office, to wit: For serving each warrant, $1.00, and mileage at the rate of five cents for each mile actually traveled in executing the warrant; for advertising sale, twenty-five cents; for making sale and executing deed of conveyance and putting purchaser in possession, $3.00; and for all sums levied as aforesaid, five per cent; and the said tax collector is prohibited from demanding or collecting any greater sum therefor than is hereby allowed, and neither the tax collector nor treasurer herein shall charge or receive any fees upon *nulla bona* returns: Provided, further, All the fees herein charged against said execution, including the fees charged by the county treasurer, and the fees for the services of the tax collector in serving the executions herein mentioned shall be collected by said tax collector, who shall remit $1.00 for each execution to the treasurer."

The respondents contend, and their position was upheld on Circuit by his Honor, Presiding Judge Sease, that the tax collector was entitled to the 5 per cent. commissions only "in cases where there has been a levy upon property of such delinquent taxpayers, advertisement and sale of the property so levied upon, deed executed to the purchaser at such sale, and the purchaser put into possession of the property so sold for delinquent taxes."

The correctness of that conclusion is the main thing for determination here, and we agree with the respondents' counsel that "the exceptions attempting to raise other issues are technical and do not go to the merits of the case."

The holding of the Circuit Judge was based upon the decision rendered in *Cleveland v. McCravy,* 46 S. C., 252, 24 S. E., 175, 177. It appears that he had very good reason for thinking that the language of Mr. Justice Pope in that case, concurred in by the other members of the Court, warranted

him in reaching the conclusion that the tax collector was only entitled to the commissions when he had actually made a sale, executed a deed of conveyance, and put the purchaser into possession. That particular holding of Mr. Justice Pope in the *Cleveland case* was not necessary to a decision of the cause. The holding that the sheriff, who in that case acted as tax collector, was not entitled to the 5 per cent. commissions could have been sustained, as it was sustained, upon the theory that the property, upon which it was sought to make the levy for the collection of the taxes, was in the custody of a Court of competent jurisdiction; the property at the time being in the possession of a receiver appointed by the Court. But, even if certain holdings and language of Mr. Justice Pope were not obiter, as we are inclined to think they may have been, we cannot help but feel, with all due respect to that distinguished jurist, that he fell into error in construing language very similar to that contained in the statute which we are called upon to construe. The language of Mr. Justice Pope, depended on so much to sustain the conclusion of the Circuit Judge in this case, was as follows: "Now, it seems to us quite clear that the services contemplated to be rendered by the sheriff under this section are specific: (1) A service by the sheriff of the warrant or execution; (2) advertising sale, 25 cents; (3) making sale, executing deed, and delivering possession; (4) and 'for all sums levied as aforesaid, 5 per cent.' And it would not be legal for the sheriff to collect for either one of the four items unless he had rendered a specified labor. The use of the words, 'levied as aforesaid,' clearly points to the preceding requirements. Of course, such services would have to be legally rendered for such costs to be incurred by a delinquent taxpayer."

We agree that the sheriff or tax collector was not entitled to make a charge for any service he did not render, as was indicated in the *Cleveland case,* but we cannot think that it was ever the intention of the Legislature that the sheriff

or tax collector had to actually make a sale of the property, execute a deed of conveyance, and put the purchaser into possession before he would be entitled to commissions on the delinquent taxes and penalties collected by him. The words "levied as aforesaid" did not include, as a part of the levy, the making of the sale, the execution of the deed, and the putting of the purchaser into possession. The sale, the making of the deed, and putting the purchaser into possession followed as incidents of the levy. They referred, evidently, too, only to real estate sold by the sheriff or tax collector, for, ordinarily, there would not be an execution of a conveyance as to personal property.

The word "levy," as used in the statute under consideration in the *Cleveland case* and the statute under consideration here, meant a "specific declaration by the sheriff that the land (or personal property) is liable to a specific lien," the lien for the taxes due to the state and county. *Gassaway v. Hall,* 3 Hill (21 S. C. L.), 289, quoted with approval in 36 C. J., 1032, and 25 Cyc., 206.

"Levy," as a noun in practice, means "a seizure; the raising of the money for which an execution has been issued." Black's Law Dictionary. See, also, Webster's International Dictionary.

If, as contended by the respondents, the tax collector of Cherokee County is only entitled to commissions for collecting delinquent taxes after he has actually made a sale of the property, executed a deed of conveyance, and put the purchaser of the property into possession, the result would be that, when no sale was made, no conveyance was executed, and the purchaser was not put into possession, the small taxpayer would have to pay the same charges for the services rendered by the tax collector as those paid by a very large taxpayer. We cannot think that the General Assembly intended that a taxpayer who is delinquent only in the sum of $5, for instance, would have to pay just as much as a taxpayer who is delinquent to the sum

of $1,000.00. That would be the result if the officer was not allowed to collect commissions on the amounts collected by him, unless he actually made a sale of the property and executed the deed of conveyance.

The holdings in *Cleveland v. McCravy, supra,* if in anywise in conflict with the holdings here, are necessarily overruled.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed, and the complaint of the plaintiffs dismissed.

MESSRS. JUSTICES CARTER and BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES EUGENE S. BLEASE and W. C. COTHRAN concur.