## S. R. HOWELL *et al.* v. A. M. HOUGH *et al.*

1. PROMISE *for Benefit of Third Person—Action.* A person for whose benefit a promise to another, upon a sufficient consideration, is made, may bring an action in his own name on the contract against the promisor, but he cannot be compelled to act upon or accept such contract.

2. RECEIVER —*Power of District Court.* The appointment of a receiver by the district court secures to that court the power to control all controversies affecting the property which the receiver has obtained possession of.

3. CLAIMS *in Custodia Legis—Practice.* Where H. J. & Co. contracted with B. H. & Co. to turn over sufficient accounts or notes received from them to satisfy a claim of $1,000, due from B. H. & Co. to a bank, and the bank refuses to receive the accounts or notes in payment of its claim against B. H. & Co., H. J. & Co. are excused from turning over the accounts or notes by the refusal of the bank to act upon or accept the contract, until the bank or its assignees make a demand therefor; and where such demand is made by the assignees of the bank, or parties holding under the bank, after a receiver has been appointed to take possession of and collect the accounts or notes turned over by B. H. & Co., H. J. & Co. are relieved from complying with such demand, because the accounts or notes are at the time of the demand *in custodia legis.* After the receiver is appointed, the assignees or the parties interested, if they have any right or claim to the accounts or notes, must make their application for their part thereof to the district court, which appointed the receiver and has the control of such accounts and notes.

*Error from Atchison District Court.*

ON the 16th day of January, 1885, the firm of Buzan, Hough & Co., of Wetmore, Nemaha county, was indebted to Howell, Jewett & Co., of Atchison, to the amount of $5,300 and interest, for five accepted drafts, dated in January, 1885. At this time the firm of Buzan, Hough & Co. was running a lumber business at Wetmore, and had succeeded the firm of Buzan, Hazeltine & Co., under an arrangement by which the new firm guaranteed to pay and assumed the debts and liabilities of the old. At the time named, a representative of the firm of Howell, Jewett & Co. went from Atchison to Wet-

more and took from Buzan, Hough & Co. and Buzan, Hazeltine & Co. a bill of sale of the lumber in their yards, and an assignment of their accounts and notes, under an arrangement that the same were to be applied in payment of the indebtedness due from Buzan, Hough & Co. and Buzan, Hazeltine & Co. to Howell, Jewett & Co., to the amount as above stated. At the same time the following written assignment was executed and delivered:

"WETMORE, KAS., January 16, 1885.

"We this day assign and set over to Howell, Jewett & Co. all accounts and notes due and to be due as shown in exhibit 'A;' also, all other accounts and other evidence of debts due to us. The above assignment and transfer is made to secure said Howell, Jewett & Co., for five accepted drafts, dated January, 1885, and aggregating $5,300 and interest. Howell, Jewett & Co. hereby agree to turn over sufficient accounts or notes to satisfy the claim of the Nemaha County Bank for $1,000, and H. H. Lynn for $2,000 and interest, and to pay to the creditors of Buzan, Hough & Co. and Buzan, Hazeltine & Co. the balance collected on the accounts and notes after the claim of Howell, Jewett & Co. is satisfied.

[ Signed ]     BUZAN, HOUGH & Co.
BUZAN, HAZELTINE & Co.

"Witness: H. J. JEWETT."

At the date of this agreement, the firm of Buzan, Hough & Co. was indebted to the Bank of Nemaha County for $1,021.40, and the indebtedness was evidenced by a promissory note in words and figures following, to wit:

"$1,021.40.               DECEMBER 11, 1884.

"Sixty days after December 19th after date, we promise to pay to the order of J. H. Johnson, cashier, at the Bank of Nemaha County, ten hundred twenty-one and $\frac{45}{100}$ ($1,021.45) dollars. Value received. Interest at 12 per cent. per annum until paid.         BUZAN, HOUGH & Co.
W. P. BUZAN,
No. 4059.         H. A. HOUGH,
Due Feb. 17–20.       T. J. WOLFLEY, and
A. M. HOUGH."

Howell, Jewett & Co. received $9,578.19 in notes and accounts. They realized from the proceeds of these, before the

garnishment of them from creditors, $1,400, and before the commencement of this action, $6,000.

On the 10th day of January, 1888, A. M. Hough and T. J. Wolfley commenced their action against Howell, Jewett & Co., to recover $1,048.63, claiming that they had contracted on January 16, 1885, for a valuable consideration, to satisfy the note of Buzan, Hough & Co. to the Bank of Nemaha County, which was payable February 17, 1885, that A. M. Hough and T. J. Wolfley were sureties upon that note, and that they were entitled to recover from Howell, Jewett & Co. the amount thereof. Trial had before the court with a jury. The jury returned a verdict for Hough and Wolfley against Howell, Jewett & Co. for $1,021.40, and also returned the following answers to questions submitted:

Particular questions of fact on the part of plaintiffs:

"1. What amount in cash had the defendants realized from the notes and accounts transferred to them under the said contract of January 16, 1885, up to the time that garnishment proceedings were commenced against the defendants? A. $1,400.

"2. How much in cash had the defendants received as the proceeds of such notes and accounts prior to the commencement of this action? A. $6,000.

"3. Were the plaintiffs accommodation sureties for the makers of said Nemaha County Bank note? A. Yes.

"4. Were the plaintiffs compelled, by legal proceedings at the suit of the said bank, to pay off and satisfy said note to said bank? A. Yes.

"5. Did the plaintiffs in fact pay off and satisfy such note to the said bank prior to the commencement of this action? A. Yes.

"6. What amount in addition to the principal debt of said note were defendants compelled by legal proceedings to pay by way of costs for the satisfaction of such note? A. $50.

"7. Were said Buzan, Hough & Co. and Buzan, Hazeltine & Co. insolvent after the transfer of such notes and accounts to defendants, of date January 16, 1885? A. Supposed to be.

"8. Up to the commencement of this action, had the defendants obtained, to their own use, the benefits of all the notes and accounts transferred to them of the said date, January 16, 1885, so far as then realized upon? A. Yes.

"9. Have the notes and accounts transferred to defendants, of date January 16, 1885, been held and controlled by the defendants for their use and benefit, in so far as same have not been realized upon? A. Yes."

Particular questions submitted by the defendants:

"1. Was the plaintiff T. J. Wolfley a member of the firm of Buzan, Hough & Co.? A. No.

"2. Did the cashier of the Nemaha County Bank refuse to receive from Howell, Jewett & Co. notes and accounts to be applied in satisfaction of the claim of the bank? A. Yes.

"2½. Did the cashier of the Nemaha County Bank refuse to receive from Howell, Jewett & Co. notes and accounts to be applied in satisfaction of the claim of the bank? A. Yes.

"3. About the time the notes became due, did the cashier of the Nemaha County Bank state to John Stowell, the defendants' agent, that the bank would not receive notes and accounts from the defendants, for the reason that he considered the securities on them good? A. Yes.

"4. Were Howell, Jewett & Co. garnished in three cases soon after they came into the possession of the notes and accounts? A. Yes, and not until they had collected $1,400."

The defendants filed a motion for judgment upon the findings, which was overruled, and they also filed a motion for a new trial, which was overruled. Judgment was entered for the plaintiffs and against the defendants for the amount of the verdict. The defendants excepted, and bring the case here.

*Smith & Solomon*, for plaintiffs in error.

*W. W. & W. F. Guthrie*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: A. M. Hough and T. J. Wolfley brought their action against Howell, Jewett & Co., upon a written agreement dated January 16, 1885, entered into between Howell, Jewett & Co., Buzan, Hough & Co., and Buzan, Hazeltine & Co. In this written agreement, Howell, Jewett & Co. agreed to turn over sufficient accounts or notes, received by them from Buzan, Hough & Co., to satisfy $1,000 and interest, on a note held by the Nemaha County Bank,

dated December 11, 1884, payable 60 days after December 19, 1884, and executed by Buzan, Hough & Co., and, also, by A. M. Hough and T. J. Wolfley.   A. M. Hough and T. J. Wolfley claimed in their petition that they were sureties upon the note; that they had been sued thereon, and that judgment had been rendered against them, which they satisfied.   They further alleged that they were entitled to enforce the written agreement of January 16, 1885, against Howell, Jewett & Co., because the firm had realized from the accounts and notes large amounts of money, and had refused, although a demand had been made upon them, to turn over sufficient accounts and notes to satisfy $1,000 and interest, on the note given to the Nemaha County Bank.   Hough and Wolfley recovered from Howell, Jewett & Co., upon the trial, $1,021.40 and costs.   The defendants below excepted, and bring the case here.

It appears from the findings of the jury that after the execution of the contract of January 16, 1885, the cashier of the Nemaha County Bank said to an agent of Howell, Jewett & Co., that the bank would not receive accounts or notes from them to satisfy the note of December 11, 1884, or any part thereof, because he considered the sureties upon the note good ; that the cashier refused to receive from Howell, Jewett & Co. any accounts or notes to satisfy the claim of the bank, and that Howell, Jewett & Co. were garnished in three cases by the creditors of Buzan, Hough & Co., or Buzan, Hazeltine & Co., soon after they came into the possession of the accounts or notes mentioned in the contract of January 16, 1885, but before being garnished they collected on the accounts or notes $1,400.

It also appears from the record that, on the 29th day of April, 1885, in an action then pending in the district court of Nemaha county, wherein the Wetmore State Bank was the plaintiff, and Buzan, Hazeltine & Co. and other parties were defendants, that a receiver was appointed to take charge of the accounts and notes turned over to Howell, Jewett & Co. by Buzan, Hazeltine & Co. and Buzan, Hough & Co.   On

the same day, in an action then pending in the district court of Nemaha county, wherein Jacob Haish was the plaintiff, and Buzan, Hazeltine & Co. were the defendants, the same person who was appointed receiver in the action of the Wetmore State Bank against Buzan, Hazeltine & Co. was also appointed the receiver in the Haish action, to take charge of and collect the same accounts and notes referred to in the petition in this case. The accounts and notes were directed to be collected by the receiver, and from the proceeds thereof it was ordered that there should first be paid the claim of Howell, Jewett & Co. against Buzan, Hazeltine & Co. and Buzan, Hough & Co.; second, the claim of the Wetmore State Bank against Buzan, Hazeltine & Co., and the claim of Jacob Haish against Buzan, Hazeltine & Co., according to their respective priorities. It also appears from the record that the receiver, who was appointed in both actions to take charge of the accounts and notes, has not yet been discharged.

The offer of Howell, Jewett & Co. to the Nemaha County Bank to turn over accounts or notes to the bank to satisfy $1,000 and interest on the note of December 11, 1884, was made about the time the note became payable. The judgment upon the note of December 11, 1884, was rendered on the 29th day of April, 1885, but Hough and Wolfley did not pay or satisfy any part thereof until after that time. They obtained a transfer or assignment of this judgment on October 3, 1887. The demand made by A. M. Hough and T. J. Wolfley upon Howell, Jewett & Co., to turn over sufficient accounts or notes to satisfy the claim of the Nemaha County Bank for $1,000 and interest, which they had satisfied, was not made until after the transfer or assignment of the judgment to them. This, of course, was long after the receiver had been appointed and had taken possession of the accounts and notes. Upon the trial, Howell, Jewett & Co. asked the court to instruct the jury as follows:

"1. The jury are instructed that, as a receiver had been appointed on April 29, 1885, in the district court of Nemaha county, to take charge of the accounts and notes formerly be-

longing to Buzan, Hough & Co., that the possession of the receiver of the accounts and notes took the same out of the control of Howell, Jewett & Co. and placed them in the hands of the court, and after the receiver took possession of the accounts and notes, the defendants were excused from any failure to deliver or tender any part of the same to the Bank of Nemaha County.

"2. The jury are instructed that it can make no difference in which case the receiver was appointed; his possession of the accounts and notes could not be disturbed by Howell, Jewett & Co. or any other person, so long as he was acting as such receiver.

"3. The jury are instructed that it is admitted in this case that John Stowell was appointed receiver in the district court of Nemaha county on the 29th of April, 1885, in the case of Jacob Haish v. Buzan, Hough & Co.; that he took charge of the accounts and notes formerly belonging to Buzan, Hough & Co., and that he has never been discharged, and is now the duly acting and qualified receiver in said case."

The court refused to give these instructions, but instructed the jury that—

"If you believe from the evidence that the note described in plaintiffs' petition was executed as therein stated, and that the Nemaha County Bank brought suit against the plaintiffs, as sureties on the note, and that plaintiffs, by reason of being sureties on the note, were required to pay the same, and you further believe from the evidence that Buzan, Hough & Co. and Buzan, Hazeltine & Co. assigned and set over to Howell, Jewett & Co., on the 16th day of January, 1885, all accounts and notes due and to be due, and also other accounts and other evidences of debt due to them, and that by such assignment Howell, Jewett & Co. agreed to turn over sufficient accounts or notes to satisfy the claim of the Nemaha County Bank for $1,000, as claimed in plaintiffs' petition, and you further believe from the evidence that Howell, Jewett & Co. have in no manner paid plaintiffs their claim sued on, or that Howell, Jewett & Co. have not turned over to the Nemaha County Bank, or to J. H. Johnson, as cashier of the bank, sufficient accounts or notes to satisfy the claim of the Nemaha County Bank for $1,000, or that the defendants have never tendered to the bank or to the cashier sufficient accounts or notes to satisfy the claim, you will return a verdict for the plaintiffs, unless you further believe from the evidence that John Stowell

was appointed as receiver by the district court of Nemaha county, and as such receiver took charge of the accounts and notes assigned to Howell, Jewett & Co. by Buzan, Hough & Co. and Buzan, Hazeltine & Co. before the defendants had realized anything from the accounts and notes. In such case, you will return a verdict for the defendants."

The court below seems to have tried this case upon the theory that Howell, Jewett & Co. were obligated by the agreement of January 16, 1885, to pay to the Nemaha County Bank $1,000 and interest, in money, and that, as they had collected on the accounts and notes turned over to them more than that amount before the appointment of the receiver, they were liable to Hough and Wolfley. Such is not the proper construction of the contract of January 16, 1885. "It is unquestionably true, that in this state a person for whose benefit a promise to another, upon a sufficient consideration, is made, may maintain an action on the contract in his own name against the promisor." (*Burton v. Larkin,* 36 Kas. 246.) Therefore, under the contract of January 16, 1885, the Nemaha County Bank could have made a demand upon Howell, Jewett & Co. for sufficient accounts or notes to satisfy its claim against Buzan, Hough & Co., of $1,000 and interest, but it was not obliged to accept or act upon the contract of January 16, 1885, and it could not be compelled to act upon or accept that contract. When the bank refused to receive any accounts or notes from Howell, Jewett & Co., that firm was not compelled to pay money in place of the accounts or notes, and was excused or relieved from turning over to the bank any accounts or notes, until a notice or demand was given to or made upon them. Such notice or demand was not given or made until after the appointment of the receiver in the several actions pending in the district court of Nemaha county. Then, it was too late to make a demand upon Howell, Jewett & Co. for the accounts or notes, because, after the receiver was appointed, the accounts and notes were *in custodia legis*. After the receiver was appointed, A. M. Hough and T. J. Wolfley ought to have made their claim

*1. Promise for benefit of third person — action.*

*3. Claims in custodia legis — practice.*

for the accounts or notes to satisfy the judgment rendered upon the note of December 11, 1884, to the district court of Nemaha county—not to Howell, Jewett & Co.

"The appointment of a receiver does not determine any right or affect the title of either party in any manner whatever. He is the officer of the court, and truly the hand of the court. His holding is the holding of the court from him from whom the possession was taken. He is appointed on behalf of all parties, and not of the plaintiff or of one defendant only. His appointment is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may ultimately appear to be entitled to it." (*Ellicott v. Warford*, 4 Md. 85; High Receivers, pp. 2, 3.)

In *Savings Bank v. Simpson*, 22 Kas. 414, it was said that—

"The appointment of a receiver of the effects and property of the partnership in the action of Simpson against Crippen, by the court below, secured to that court the power to control at its discretion all controversies which affected the property placed in his custody. It thereafter had the right to take to itself all such controversies and compel parties to proceed nowhere else than in its own forum. (*Railroad Co. v. Smith*, 19 Kas. 229.)"

2. Receiver— power of district court.

The instructions prayed for by the plaintiffs below, concerning the possession of the accounts and notes by the receiver, ought to have been given to the jury; and the instruction concerning the receiver which was given, in view of the facts disclosed by the record, was misleading, and therefore erroneous.

It is suggested on the part of the plaintiffs below that, as the appointment of the receiver by the district court of Nemaha county was consented to by Howell, Jewett & Co., and the other parties to the actions, Howell, Jewett & Co. are not excused or relieved from complying with the demand of Hough and Wolfley. The proceedings in the actions in the district court of Nemaha county of the Wetmore State Bank and Jacob Haish against Buzan, Hazeltine & Co., and other parties, are not void, even if made with the consent of the parties to the actions. Unless those proceedings were without

jurisdiction or fraudulent, they are binding upon all parties. It is not shown that these proceedings were without jurisdiction or fraudulent.   We must therefore consider them valid.

A great many other questions were discussed upon the oral argument, and are also referred to in the briefs, but as the evidence clearly shows that the Nemaha County Bank refused to act upon or accept the contract of January 16, 1885, and as it is undisputed that the receiver was appointed to take charge of the accounts and notes in controversy on the 29th of April, 1885, before A. M. Hough and T. J. Wolfley had made any demand or had the right to make any demand upon Howell, Jewett & Co., for the accounts or notes, it is unnecessary, in view of what has already been said, to pass upon these questions.

The judgment of the district court will be reversed, and the cause remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.