[No. 6060. Decided September 13, 1906.]

THE COUNTY OF SPOKANE et al., Respondents, v. GEORGE M. ANNIS, as Receiver etc., Appellant.[1]

TAXATION—PERSONAL PROPERTY—POSSESSION OF RECEIVER. The personal property of an insolvent corporation in the hands of a re ceiver may be assessed against the receiver and he is liable for the lien upon the property, which is not extinguished by a receiver's tax, upon being ordered by the court to pay the same, notwithstanding that the treasurer has a further remedy by enforcement of a sale.

SAME—LIABILITY OF RECEIVER. The fact that a treasurer claiming a tax upon the personal property of an insolvent corporation is not a creditor of the corporation does not affect the duty of the receiver to pay the tax, since it is a preferential charge on the property.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered September 30, 1905, in favor of the plaintiffs, requiring payment by a receiver of taxes against the property of an insolvent.  Affirmed.

*Binkley, Taylor & McLaren,* for appellant.

*Richard M. Barnhart, A. J. Laughon, Fred C. Pugh,* and *C. A. Gordon,* for respondents.

MOUNT, C. J.—This appeal is from an order of the superior court of Spokane county, directing a receiver appointed by that court to pay certain taxes assessed against property in his hands as such receiver. The facts are that on August 9, 1904, the appellant was appointed receiver of the assets of the Nelson Dry Goods Company, an insolvent

1Reported in 86 Pac. 1066.

corporation. The property of this corporation had been assessed for general state, county and municipal taxes, but the amount of the taxes had not been determined at that time. On the 11th day of August, 1904, the receiver was directed by the court to advertise the whole stock of goods in his possession for sale. The property was sold on September 2, 1904, pursuant to the order of the court. On October 26, 1904, upon the receiver's final account and report, the court made an order of partial distribution of the assets in the hands of the receiver, leaving a balance of $978.76 in the hands of the receiver to meet certain claims then in litigation. On September 29, 1905, the county treasurer applied to the court in the receivership proceedings, alleging that the taxes amounting to $352.50, assessed against the property, were due, delinquent and unpaid, and that the receiver had funds in his possession sufficient to pay the same with interest, and prayed for an order upon the receiver to pay the taxes. The court made the order as prayed, and the receiver appeals.

The appellant contends that the statute makes the taxes a lien upon the personal property of the corporation, and that the goods were sold subject to this lien. It is true that the statute makes the taxes a lien upon the goods, and that a sale of the goods does not extinguish the lien. But the statute also provides that the treasurer shall collect the taxes by distraint against the person charged with such taxes. Bal. Code, § 1727. The treasurer therefore had two remedies for the collection of the tax. One against the person assessed, and the other against the property; either or both of which were available to the treasurer. The fact that the sale of the goods by the receiver was subject to the tax could make no difference to the county treasurer in the enforcement of the collection. The taxes were a charge against the receiver for which he was primarily liable. If he had no property or funds in his hands which could be distrained by permis-

sion of the court appointing him, then the treasurer could pursue the property subject to the lien, irrespective of any agreement between the purchaser of the goods and the receiver. *Mills v. Thurston County,* 16 Wash. 378, 47 Pac. 759.

It is also contended by the appellant that the treasurer was not a creditor, and therefore it was no part of the receiver's duty to pay the taxes. Conceding that the tax was not a debt and the treasurer was not a creditor in the ordinary sense of that term, the tax was nevertheless a preferential charge against the receivership funds and could be enforced under the statute. 22 Am. & Eng. Ency. Law (2d ed.), 1119.

"A state has a paramount right to collect taxes due on property in the hands of a receiver, and the court should see that such taxes are paid before distribution to other creditors, and this although the demand for the taxes was not presented by the collector within the time prescribed by the court for the presentation of claims." Beach, Receivers (Alderson's ed.), p. 197; Smith, Receivers, p. 573.

The remedy in such cases should be by intervention in the suit in which the receiver was appointed. High, Receivers (3d ed.), § 140a. There is no claim in this case that the taxes demanded are not just and legal, or that they are not due. The real claim made, as we understand the position of appellant, is that the receiver is not liable therefor. We are of the opinion, under the admitted facts and the law above stated, that the receiver is liable, and that it was within the power of the court to order the taxes paid by the receiver.

The order appealed from is therefore affirmed.

DUNBAR, CROW, HADLEY, and FULLERTON, JJ., concur.