**WITT v. JONES et al.**

No. 15041—Opinion Filed Feb. 17, 1925.

**1. Receivers—Possession Exclusive—Fiduciary Capacity—Duties.**

The possession of property by a receiver is exclusive and cannot be ousted except by order of the court having control of his actions. He acts in a fiduciary capacity and may not lawfully do any act to favor one party to the litigation as against the other, but must act in the utmost good faith in the preservation of the property to abide the judgment and decree of the court.

**2. Same—Tax Liens—Notice to Receiver—Duty to Pay.**

Where taxes have become a lien on real estate afterwards placed in the hands of a receiver, and the holder of the tax certificates serves notice on the receiver, through his tenant in possession, of his intention to take out a tax deed, it is the duty of the receiver to pay such taxes and discharge the lien out of funds then in his hands belonging to the record owner, and his failure and neglect to do so on advice of an attorney representing the holder of the tax certificates is a breach of trust and a violation of his duty as such receiver which this court will not uphold.

**3. Same—Enforced Payment by Court.**

In such case, where the tax deed issued and the receiver thereupon delivered possession of the property to the tax deed holder without any order or adjudication by the court, equity will treat that as done which ought to have been done and will order the receiver to pay off and discharge the tax lien as of the date the notice was served upon him, and will thereupon cancel and vacate the tax deed so issued.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by F. H. Witt against G. H. Jones and D. R. Thompson, receiver, to recover possession of certain lots and for cancellation of a tax deed thereon. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

This action was commenced by plaintiff filing his petition in the district court of Oklahoma county June 6, 1923, having theretofore obtained an order from said district court permitting such action to be filed against its receiver. By his action plaintiff sought to recover possession of certain lots described in his petition and to cancel a tax deed issued thereon to the defendant G. H. Jones, and to recover the rents and profits derived from said property subsequent to the appointment of the receiver, and to quiet his title thereto.

Defendants answered by general denial. Trial was had before the court October 1, 1923, and resulted in a judgment in favor of the defendants. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff, defendant, and receiver, as they appeared in the trial court.

Twyford & Smith, for plaintiff in error.

Wright, Blinn & Gilmer, for defendants in error.

Opinion by LOGSDON, C. Plaintiff presents all assignments of error under two propositions in the brief, but in the view taken of the case here it will only be necessary to consider the first proposition, which reads:

"The tax deed is void, having been taken out without consent of the court while the property was in the hands of a receiver appointed by this court."

This case is an outgrowth of cause No. 12941, Rice et al. v. Jones, 102 Okla. 30, 225 Pac. 958. In that case H. F. Jones commenced his action to recover judgment in the sum of $10,000 on a promissory note executed by O. J. Rice, Lola Rice, and Elizabeth Witt. Lola Rice was sued as an individual and as administratrix of the estate of O. J. Rice, deceased. In that action foreclosure was also sought of a mortgage on certain real estate, including that involved in the instant case. Plaintiff in that foreclosure action procured the appointment of a receiver to take charge of all the real property covered by the mortgage. He recovered judgment against all of the defendants and for foreclosure of his mortgage, but on proceeding in error to this court it was held that the note was materially altered after execution, and the judgment was reversed as to all defendants except Lola Rice, administratrix.

During the pendency of cause No. 12941, H. F. Jones, as agent for his father, G. H. Jones, procured tax sale certificates covering the lots here involved for the taxes delinquent thereon for 1918, and after paying the subsequent accrued taxes for the years 1919, 1920, and 1921, had a tax deed issued in the name of his father, and thereafter ousted the court's receiver from his possession and control of the property here involved, and has since been collecting and receiving the rents, claiming title to the property and its proceeds as his father's agent. The plaintiff in the instant action,

after the court took his property from him and delivered it to its receiver, removed from the state.

To sustain the action of the receiver and his codefendants in disregarding and setting at naught the order and jurisdiction of the court over this property defendants cite and quote from the case of Whitehead et al. v. Farmers Loan & Trust Co., 98 Fed. 10. This case does not afford the support claimed. The court dissolved an interlocutory injunction to prevent the issuance of a tax deed by the county treasurer, but said:

"If a deed should be executed by the county treasurer to Whitehead, and he should attempt to take possession of the property conveyed to him, the court in charge of the receiver will undoubtedly be able to protect his possession, when disturbed or threatened to be disturbed, with due consideration to the rights of all parties interested in the same. In this way the court can assert its lawful right to exclusive custody and control, and the state will not be embarrassed by any unwarranted interference with its own process for collecting its revenue."

The case of Rice, County Treasurer, et al. v. Jerome, 97 Fed. 719, also relied on by defendants, expressly follows the Whitehead Case.

Another case relied on by defendants is Daniel v. Reid (Wash.) 194 Pac. 979, but as to that case it is sufficient to say that the order appointing the receiver had been appealed from in a separate proceeding and his appointment superseded by bond, so that he was not acting when the matters arose which that case determined.

Other cases cited by defendants are Metcalfe v. Commonwealth Land & Lumber Company's Receiver (Ky.) 68 S. W. 1100; Flower et al. v. Beasley (La.) 28 South. 322; Soniat v. Donovon (La.) 43 South. 462; Central Trust Co. v. Wabash R. Co., 26 Fed. 11. None of these support the proposition to which they are cited.

When the receiver in the instant case was appointed he took possession of the property and was in possession through his tenant, Judkins, at the time he permitted himself to be ousted by his codefendant, Jones. As to how the ouster was effected he testified:

"A. Well, I surrendered the possession; that is, I ceased to collect any other rents. Q. How did you happen to do that? A. Well, I was told that the rents would be paid to Mr. Jones after a certain date. Q. To Mr. Jones? A. Yes. Q. Now, how did you learn that. Mr. Thompson? A. Mr. Gilmer."

Mr. Gilmer was one of H. F. Jones' attorneys in cause No. 12941. It further appears from the record that when Jones purchased the tax certificate he notified the receiver that he would apply for a tax deed unless the taxes were paid and the tax certificate canceled. The receiver did not apply to the court for an order to pay the taxes from funds then in his hands belonging to this instant plaintiff and thus prevent issuance of the tax deed. As to why he did not is thus disclosed:

"Q. Well, what I am trying to get at is the reason why you didn't take up the taxes then and prevent the tax deed being issued? A. Well, I just acted under the advice of Mr. Gilmer there."

In High on Receivers, sec. 140a, the author says:

"As still further illustrating the exclusive character of the receiver's possession and the jealousy with which it is guarded by the courts, it is held that property in the possession of a receiver appointed by a federal court as in the case of a receivership over a railway, while subject to taxation under the laws of the state in which it is situated, can not be levied upon and sold by an officer of the state in satisfaction of unpaid taxes. The remedy of the officer in such case should be sought by intervention in the suit in which the receiver was appointed, and that court may properly enjoin him from levying upon the property, and has undoubted jurisdiction to punish him for contempt in violating such injunction. And in such case a receiver may have an injunction to restrain the collection of a tax, although there are present none of the grounds of equitable jurisdiction, as where the property seized is personalty and could accordingly be recovered in an action at law. And the rule under discussion is not confined in its application to the federal courts but has been recognized and followed by the state courts."

In support of this text the author cites the following cases from state courts: Cleveland v. McCravy (S. C.) 24 S. E. 175; Palmer v. Pettingill (Idaho) 55 Pac. 653; Spokane County v. Annis (Wash.) 86 Pac. 1066; Greeley v. Provident Savings Bank (Mo.) 11 S. W. 980; Gehr v. Mont. Alto Iron Co. (Pa.) 34 Atl. 638.

As before stated the instant plaintiff removed from the state after his property had been taken over by the court through the receivership in cause No. 12941, he no longer had control or dominion over it, nor could he touch the income derived from it. The receiver stood in his shoes for the purpose of protecting and caring for the property, including the payment of taxes. Gray, Receiver, v. Logan County, 7 Okla.

321, 54 Pac. 485. The receiver's right and duty to redeem the property from the tax lien could not be foreclosed except by an order of the court which appointed him refusing to permit the payment after proper application made for such authority. That such authority would have been refused under the facts shown is not to be contemplated. That the receivership was needless and improvident is shown by the opinion of this court in cause No. 12941 where the note sued on, in so far as it affects this instant plaintiff, was held void by reason of material alteration after execution, thus carrying with it the mortgage security on which the receivership was based.

This plaintiff is now in this position: His property was taken from him by a receiver improvidently appointed to protect a lien which had no legal existence. While so excluded from the management and control of his property the receiver of the court permitted a tax lien to be foreclosed by tax deed in favor of one for whom the plaintiff in cause No. 12941 was acting as agent. The receiver had full knowledge and notice of the lien, knew that he had sufficient funds of the absent owner to more than discharge the tax lien, yet on advice of the attorneys for the agent holding the tax certificate took no steps to protect the property. After the tax deed issued he voluntarily, and without order of the court, surrendered possession of the property. Notwithstanding plaintiff's non-liability in cause No. 12941, his property has been taken from him by and through the operation of the receivership in that action. This may not be done in the manner shown by this record. Equity and good conscience forbid it, and the fiduciary capacity of the receiver forbids it. The lawful and exclusive custody and control of the property by the court forbids it.

It is disclosed by the record that the tax lien of plaintiff at the time of trial amounted to $60.19, and that the property on the same date was of the approximate value of $2,000. It is further shown that defendant, since taking the property from the receiver, has expended $50 on improvements, and that the property has been renting since that time for $18 per month.

It is therefore concluded that the tax deed of defendant, in so far as it purports to vest in defendant a title and right of possession superior to that of the receiver, is ineffectual and void, and that the legal possession of the property is still in the receiver.

This being an equitable action, this court is authorized to examine and consider all the evidence, and, where the judgment is clearly against the weight of the evidence and contrary to law, to render or cause to be rendered such judgment as the evidence and the law authorize. Pevehouse v. Adams, 52 Okla. 495, 153 Pac. 65; Marshall v. Grayson, 64 Okla. 45, 166 Pac. 86; Martin v. Bruner, 64 Okla. 82, 166 Pac. 397; Hart v. Frost, 73 Okla. 148, 175 Pac. 257; Lee v. Little, 81 Okla. 168, 197 Pac. 449.

This cause should therefore be reversed and remanded, with directions to the trial court to vacate and set aside the judgment heretofore rendered; that it enter its order requiring the receiver to pay off and discharge defendant's tax lien as of the date of the notice served on the receiver; that thereupon defendant's tax deed be canceled, set aside, and held for naught; that defendant be required to render an accounting and to pay to the receiver all rents and profits derived from the property during his possession and control thereof, less any taxes paid by him since the issuance of the tax deed, and less $50 paid out by him for improvements; that the receiver be thereupon required to render his final account as to the property here involved and receive his discharge; that the title of plaintiff to the property be quieted as against the defendant and all persons in privity with him, and that plaintiff be awarded his costs.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. pp. 238, 242, 253. (2) 34 Cyc. p. 280 (1926 Anno). (3) 21 C. J. p. 200; 34 Cyc. p. 280 (1926 Anno).