**STATE ex rel. STAUFFER, Rec., v. HALLEY et al.**

No. 22788. Opinion Filed May 17, 1932.

Withdrawn, Corrected, and Refiled May 31, 1932.

Clarence Mills, for relator.

Neal E. McNeill, for respondents.

RILEY, J. On September 2, 1931, an alternative writ of prohibition issued from this court. It was based upon the verified petition of S. M. Stauffer, receiver, duly appointed on January 14, 1931, by the district court of Oklahoma county in cause No. 66445, there pending, and styled L. C. Jones v. Capitol Production Trust No. 1 et al. Said receiver established his possession of property situated in Oklahoma county described as lots 9, 10, and 11, block 4, Reno avenue addition to Oklahoma City, and surface lease on lots 7, 8, block 4, Reno avenue addition, together with all appurtenances, personal property, and drilling equipment thereon.

It was further shown that C. S. Bailey a receiver appointed on August 26, 1931, by the honorable district judge of Tulsa county, and the said Tulsa county district court were interfering with the jurisdiction of the district court of Oklahoma county in and through an action subsequently filed in the district court of Tulsa county and styled M. T. Smith & Son, a Copartnership composed of M. T. Smith and H. T. Smith, Plaintiffs, v. Albert Beck et al., and numbered 51258. In that action and by order

of said district court of Tulsa county, Bailey, as receiver, was directed to take possession of the heretofore described property, to drill an oil well thereon, to issue receiver's certificates, and to incur indebtedness.

Response and briefs have been filed and considered. It is our view that when a district court of this state, having jurisdiction, is in the lawful possession of property, acting by and through its receiver, such possession cannot be interfered with, nor can such receiver be enjoined by another co-ordinate district court of this state. Tardy's Smith on Receivers, vol. 2, sec. 693, p. 1885; Clark on Receivers, vol. 1, p. 754; Witt v. Jones, 106 Okla. 227, 233 P. 722; State ex rel. v. Superior Court, 87 Wash. 498, 151 P. 1094; M. P. Ry. Co. v. Love, 61 Kan. 433, 59 P. 1072; 8 A. L. R. 442 (note); Farmers Loan & Trust Co. v. Lake Street, 177 U. S. 51, 20 S. C. 564, 44 L. Ed. 667; Meredith v. Simpson, 22 Kan. 414; Atwood v. State, 59 Kan. 728, 54 P. 1057.

A person who contracts with a receiver, and/or the assignee or assignees of such contractor, becomes party to the receivership and subject to the exclusive jurisdiction of the appointing court, in so far as their contracts and rights thereunder are concerned. Howell v. Hough, 46 Kan. 152, 26 P. 436; Clark on Receivers, vol. 1, p. 593; White v. Rand (N. Y.) 21 N. E. 97; Pac. Lbr. Co. v. Prescott (Ore.) 67 P. 207; 53 C. J. 157; 23 R. C. L. 76.

A court having assumed jurisdiction cannot be interfered with by the appointment of a receiver by another court of co-ordinate jurisdiction, and prohibition will lie against said latter court. State ex rel. v. Dist. Court, 108 Okla. 32, 235 P. 234; Howard v. Owens, 142 Okla. 82, 285 P. 5; State ex rel. Ketchem v. District Court, 82 Okla. 54, 198 P. 480.

The alternative writ of prohibition heretofore issued as modified by order of court September 5, 1931, is made permanent.

HEFNER, ANDREWS, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent. McNEILL, J., not participating.

Note.—See under (1) 23 R. C. L. 8; R. C. L. Perm. Supp. p. 5295; R. C. L. Pocket Part, title Receivers, 2.