GOODE v. MONTGOMERY et al.

No. 31650.   Jan. 23, 1945.

*155 P. 2d 228.*

Theodore Graalman, of Watonga, for plaintiff in error.

Falkenstine & Fisher, of Watonga, for defendants in error.

HURST, V. C. J. This action involves the title to 880 acres of land in Blaine county, sold to the county at a tax resale and later sold to appellant, A. N. Goode, at a county sale.

In September, 1928, the land was mortgaged by Andrew Charles Montgomery and wife to the Commissioners of the Land Office to secure a loan of $7,000. In October, 1938, the state on relation of the Commissioners of the Land Office commenced cause No. 6827 in the district court of Blaine county to foreclose said mortgage. In December, 1938, in said cause, John B. Rainbolt was appointed receiver of the mortgaged land. The receiver rented the land for the years 1939 to 1942, both inclusive, to A. L. Goode. The receiver collected, and on October 12, 1942, deposited with the Commissioners of the Land Office rent so collected amounting to $1,800. The taxes for the years 1933 to 1939, both inclusive, amounting to $1,238.45, being unpaid, the land was sold and conveyed to the county at the 1940 tax resale. On October 6, 1941, the land was sold and conveyed at a county sale to A. N. Goode. In August, 1942, Goode commenced action No. 7393 in the district court of Blaine county to quiet title to the land, making Montgomery and wife, former owners, the Davidson & Case Lumber Company, holder of a second mortgage covering 320 acres of the land, and others not material here, parties defendant. The two causes were consolidated under cause No. 6827, and the issues were made up in the consolidated cause. The petition of Goode in cause No. 7393 was treated as an answer and cross-petition in the consolidated cause. Mr. and Mrs. Montgomery and the lumber company filed answers thereto alleging that the tax deeds to the county and the county deed to Goode were void for four reasons, (1) that the tax deeds were obtained without permission of said court, (2) that the land was not subject to tax sale because it was in the custody of the court, by the receiver, (3) that A. N. Goode was a tenant in possession and could not acquire title through the tax sale, and (4) that the receiver had on hand sufficient rent money to pay the delinquent taxes assessed against the land and thus save it from tax sale and should have done so.

The Commissioners of the Land Office elected to defer foreclosure of the state's mortgage, and the cause proceeded to trial between Goode on the one side and Mr. and Mrs. Montgomery and the lumber company on the other. None of the other defendants appeared. All parties conceded that the mortgage in favor of the Commissioners of the Land Office is a valid first lien and that it was not affected by the tax resale and the sale to Goode. The right of the receiver to continue in possession is conceded. The regularity of the proceedings leading up to the sale and conveyance of the land at the resale and the county

sale was not questioned, except as to the power of the treasurer to sell and of the right of Goode to purchase, as stated in the answers of Mr. and Mrs. Montgomery and the lumber company, above. The trial court found the issues in favor of Mr. and Mrs. Montgomery and the lumber company and against Goode, on their making good their tender of all taxes, interest, penalties, and costs assessed against the land, and, as prayed in the cross-petitions, cancelled the tax deeds and the county deed and decreed the foreclosure of the mortgage of the lumber company subject to the first mortgage in favor of the Commissioners of the Land Office. Goode appeals.

1. The principal question argued is whether the county treasurer had jurisdiction to sell and convey the land at the resale without first obtaining permission to do so from the district court in which the receivership was pending.

Goode argues that the 1939 resale act (68 O. S. 1941 §§ 432-432 p) is all embracing and that it is the mandatory duty of the county treasurer to hold resales annually and to sell all land that has been sold at an annual sale and that has remained unredeemed for as long as two years, and that since the statute does not exclude property in custodia legis from its operation, the county treasurer is without authority to do so. He argues that since the state's lien is superior to the lien for ad valorem taxes (citing State v. Passmore, 189 Okla. 232, 115 P. 2d 120, 136 A. L. R. 324) and since, under 64 O. S. 1941 § 58.1, the district court is restricted to payment of certain items out of money collected by the receiver appointed in an action to foreclose a mortgage in favor of the Commissioners of the Land Office, and taxes are not among the items named in the statute, the receiver was without authority to pay the taxes assessed against said land.

The appellees argue that it was the duty of the receiver to pay the taxes out of the rents collected, and that the county treasurer was without jurisdiction to sell the property at the resale without first securing permission from the court to do so. They cite Witt v. Jones, 106 Okla. 227, 233 P. 722, 39 A. L. R. 1411; Gray v. Logan County, 7 Okla 321, 54 P. 485; In re Tyler, 149 U. S. 164, 37 L. Ed. 689, 13 S. Ct. Rep. 785; 45 Am. Jur. 327; 53 C.J. 160, High on Receivers (3rd Ed.) § 140 a, and cases from several other states and several federal court cases.

We do not find the authorities relied upon by the parties of much help in solving the problem presented. Some of the cases cited by the appellees dealt with the right of the court to require the receiver to pay taxes. In others, the tax collecting officer was threatening to seize and oust the receiver from possession of the property in custodia legis, or had done so. Others simply held that taxes assessed against property in receivership are a proper part of the expenses of administration. In some of them state tax collecting officers had seized property in the custody of receivers appointed by the federal courts, and they were held in contempt. Most of them involved a contest between the receiver and the tax collecting officer. In practically all of them, the taxes constituted a superior lien on the property in receivership. In both Oklahoma cases cited by appellees (Gray v. Logan County and Witt v. Jones, above) the taxes constituted a superior lien, and it was held that the taxes should have been paid out of funds in the hands of the receivers. And in Witt v. Jones, it was held that the conduct of the receiver and of the agent of the tax purchaser was inequitable and justified equitable relief in favor of the landowner.

It will be seen that the legal philosophy on which the authorities cited by appellees is based, which is largely to protect the jurisdiction of the court, is not applicable in the instant case. The mortgage lien in favor of the Commissioners of the Land Office is superior to the tax lien. State v. Passmore, above. No attempt is being made to interfere with the possession of the land by the receiver. There is no contest here be-

tween the receiver and the purchaser of the tax title. In selling land 'for taxes, the county treasurer does not take possession or molest the one in possession. His deed ordinarily gives the purchaser a right to claim or sue for possession, but not where, as here, the lien of the state is superior to the tax title. State v. Passmore, above. It is unnecessary to determine whether the court could properly have directed the receiver to pay any taxes until the state's lien is satisfied. No attempt was made to secure such an order. The owners or second mortgagee could have paid the taxes and saved the property from resale if they had desired to protect their equity. Clark on Receivers (2d Ed.) § 674. It follows that the reason for the rule contended for by appellees does not exist, and the rule is not applicable. The effect of the tax resale was to vest in the county a fee-simple title, subject only to the superior lien of the state and the right of the receiver to retain possession. And Goode succeeded to all the county's rights.

The 1939 resale act, under which the resale here was conducted, is all embracing, as argued by Goode. It does not expressly except from the operation of the law real estate in custodia legis. We know of no rule of public policy that would justify the court in making an exception in favor of property in custodia legis, especially where, as here, the tax lien is inferior to the mortgage being foreclosed and the jurisdiction of the court is not being interfered with. We intimate no opinion on the question as to whether an exception to the statute should be made as to property in custodia legis where the tax lien is a superior lien.

2. We find no merit in the contention of the appellees that the judgment appealed from is correct because A. N. Goode was a tenant in possession of the land, and for that reason could not acquire title. The evidence is that A. L. Goode, son of A. N. Goode, was the tenant. Furthermore, there is no conflict of interest between A. N. Goode, assuming him to be a tenant, and the receiver, since the state's lien and the right of the receiver to remain in possession is conceded to be prior to the rights of A. N. Goode, and the reason for the rule that exists in some jurisdictions that a tenant cannot acquire a tax title as against his landlord does not obtain. 61 C. J. 1203.

We find it unnecessary to consider Goode's argument that the appellees should be barred from recovery by reason of laches.

Reversed, with directions to enter judgment in favor of A. N. Goode in accordance with the views herein expressed.

GIBSON, **C. J., and RILEY**, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.