Argued June 10; affirmed July 14, 1931.

# EAGLE POINT IRRIGATION DISTRICT *v.* COWDEN ET AL.

(1 P. (2d) 605)

*J. F. Fliegel,* of Medford (O. C. Boggs, of Medford, on the brief), for appellant.

*Frank P. Farrell,* of Medford, for State Land Board.

BELT, J. This suit was instituted to foreclose certain delinquent tax certificates on land within the Eagle Point Irrigation District. The State Land Board by cross-complaint prayed for foreclosure of its mortgage covering the same land, given to secure payment of money belonging to the common school fund. This mortgage was executed and recorded prior to the organization of the irrigation district. The sole question at issue under the facts stipulated was as to the priority of the mortgage lien over the district tax lien. Defendants other than the State Land Board made no appearance and a decree by default was entered against them. The trial court decreed that the mortgage lien of the State Land Board was prior and superior to the lien of the plaintiff. Judgment was also entered against the irrigation district for the amount due on the school fund mortgage. Hence this appeal.

■ It is clear that, in the absence of any constitutional prohibition, the legislature has the power to declare that taxes on real property, even though levied subsequent to the execution of a mortgage, shall have priority. But statutes will not be thus construed unless the legislative intent to make tax liens superior over prior mortgage liens is clearly expressed. With reference to property of the state, exemption from taxation is the general rule. Before such property may be subjected to taxation in any form the legislature must so declare, either by express enactment or by clear implication: 37 Cyc. 872.

██ The district, in asserting the alleged superiority of its tax lien over the mortgage, relies strongly on section 48-806, Oregon Code 1930, which provides:

"* * * Any land, the title to which may now or hereafter be vested in the state, including lands segregated under the Carey act or state lands sold under contract in any irrigation district, shall be subject to taxation by the district, and the full amount of assessments due against said lands shall be paid to the district before the same is sold, resold or contract for sale executed * * *."

Appellant district also directs attention to that part of section 48-504, Oregon Code 1930, which reads:

"* * * all the lands in the district shall be and remain liable to be assessed for such payments as herein provided, and under and subject to the provisions of this act * * * and no district assessment lien shall be removed until the assessments are paid with interest and penalties or the property sold for the payment thereof."

In the same section it is also provided that:

"* * * the district shall never bid or pay a greater sum than the total of all taxes against the land with interest and penalties; * * *."

In none of the statutory provisions is there any express legislative declaration that such assessment liens are superior to and shall have priority over common school fund mortgages, nor do we think, after a consideration of the various statutory enactments, that there is any clear implication of an intention thus to impair the security of funds which, by the constitution, have been dedicated to the maintenance of our public school system. Indeed, if we were to construe the statute in accordance with the contention of appellant irrigation district and hold that school fund mortgages should be considered as property belonging to the state

and subject to taxation, such construction would be contrary to the purpose and spirit of article VIII, § 2, of the Oregon Constitution, which is as follows:

"The proceeds of all the lands which have been, or hereafter may be, granted to this state, for educational purposes * * * shall be set apart as a separate and irreducible fund, to be called the common school fund, the interest of which, together with all other revenues * * * shall be exclusively applied to the support and maintenance of common schools in each school district * * *."

The State Land Board in loaning these funds does so in the execution of a trust of the highest nature, which has been created by the fundamental law of this state. The fund itself is state property and, as stated in *State Land Board v. Lee*, 84 Or. 431 (165 P. 372),

"* * * the Constitution commands that the school funds derived from specified sources shall be irreducible and that the interest shall be applied exclusively to the support of the common schools."

In view of this plain, mandatory constitutional provision, any act of the legislature purporting, directly or indirectly, to divert the common school funds from the purpose to which they were thus dedicated would be unconstitutional.

In *State of Connecticut v. Kilburn*, 81 Conn. 9 (69 Atl. 1028, 129 Am. St. 205), it was held that, although the charter of the city of Hartford granted full power to assess land belonging to the state, any assessment lien acquired thereunder was not to be given priority over a school fund mortgage to the state. There, as here, school fund loans can be made only on unencumbered land. It is true that the statute of Connecticut expressly provides that:

"No tax assessed upon property mortgaged to the state of Connecticut to secure a loan from the school

fund, shall be a lien upon said property which shall take precedence of such mortgage or mortgages thereon.''

But, in our opinion, this statutory provision was merely declaratory of the purpose and intent of the fundamental law.

A similar constitutional provision was construed in *Trustees of Public Schools v. Taylor,* 30 N. J. Eq. 618, where the court said:

''To an appropriation of the securities of the school fund, either for general state purposes or for municipal purposes, there is a complete constitutional bar; the fund is expressly dedicated by the constitution to the support of free schools, and the legislature is prohibited by that instrument from borrowing, appropriating or using the fund for any other purpose, under any pretense whatever.''

■ We conclude that it was not the intention of the legislature by section 48-806, Oregon Code 1930, to give priority to district assessment liens over mortgages securing the payment of common school funds but that if the statute does purport so to do, it is in direct violation of article VIII, § 2, of the Constitution of Oregon.

The irrigation district has a strong equitable claim by reason of having paid the county and state taxes levied on the property in question, but, in view of the constitutional bar, this court cannot consistently give priority thereto over the mortgage lien of the State Land Board.

It was stipulated ''that no money judgment shall be rendered against the plaintiff Eagle Point Irrigation District and that no judgment for costs shall be rendered against the Eagle Point Irrigation District regardless of whether or not the case is affirmed,

modified, or reversed as to other respects." The decree of the lower court will, therefore, be affirmed with the modification that the money judgment against the irrigation district be eliminated. Neither party will recover costs or disbursements either here or in the lower court.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.