Argued July 1; affirmed July 19, 1932

## STATE LAND BOARD *v.* CAMPBELL ET AL.

(13 P. (2d) 346)

*G. A. Codding,* District Attorney, of Medford, for appellant.

*Frank P. Farrell,* of Medford, for respondent.

RAND, J. This suit was instituted by plaintiff, the State Land Board, to foreclose a mortgage of real property given on December 21, 1921, by defendants Jeanie Campbell and E. N. Campbell, her husband, to secure a loan of $2,100 in moneys belong to the ir-

reducible school fund. A decree by default was taken against all the defendants except Jeanie Campbell, against whom the suit was dismissed, and Jackson county which appeared and answered. In its answer it alleged that it held a tax lien for $80.18 for the year 1930 against the mortgaged property and that its said lien was prior in right to the lien of plaintiff's mortgage. The learned trial court held that the mortgage lien had priority and the county appealed.

■ It is contended by the district attorney, who appeared for the county, that, under section 69-722, Oregon Code 1930, as applied in *Getchell v. Walker,* 129 Or. 602 (278 P. 93), the tax lien has priority over all mortgage liens. The statute referred to, if applicable, is broad enough to embrace the mortgage lien in question here and, if the controversy were between the county and an individual, it would control. That statute, however, is not applicable and the authority cited is not in point for the reason that the State Land Board is a coordinate department of the state government created by the constitution itself and, in all litigation to which it is a party, the state is the real party in interest: *State Land Board v. Lee,* 84 Or. 431, 439 (165 P. 372). As there said:

"When the state loans moneys belong to the irreducible school fund it does not act in a proprietary capacity stripped of the attributes of sovereignty; but, on the contrary, it is performing a duty enjoined upon it by law and is acting for the public. * * * The title to the funds is vested in the state in its sovereign capacity; the state is not a mere dry trustee, but it holds the funds in trust for the common schools of the state, and hence in trust for a public purpose; * * *."

■ It is a universally accepted rule that words of a statute applying to private rights do not affect those

of the state, and that the sovereign authority is not bound by the general language of a statute which tends to restrain or diminish the powers, rights or interests of the sovereign, and when the rights of a commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied: *U. S. F. & G. Co. v. Bramwell,* 108 Or. 261, (217 P. 332, 32 A. L. R. 829), and cases cited.

In conformity to this rule, it was held in *State Land Board v. Lee,* supra, that, in the absence of a statute making the statute of limitations applicable to the state, the statute of limitations does not apply to the state. Among other things, the court said at page 434 of 84 Or.:

"* * * it is a rule of universal recognition that the government is not included in a general statute of limitation unless it is expressly or by necessary implication included. This rule is said to be founded upon the legal fiction expressed in the maxim nullum tempus occurrit regi. However, it is not necessary to predicate this salutary precept upon any fiction, since sound reason for the rule is found in the fact that as a matter of public policy it is necessary to preserve public rights, revenues and property from injury and loss by the negligence of public officers."

*Eagle Point Irrigation District v. Cowden,* 137 Or. 121 (1 P. (2d) 605), was a suit by an irrigation district to foreclose certain tax certificates on lands mortgaged to the State Land Board. There was in that case a statute which gave to irrigation districts a right to tax lands within the disrict belonging to the state. In construing that statute, it was held that it neither expressly nor impliedly gave priority to a district assessment lien over a school fund mortgage, but it was held if the statute could be held to have that effect it would

be unconstitutional in that it would be in direct violation of Article VIII, section 2 of the state constitution. In support of its holding, the court cited with approval *Trustees of Public Schools v. Taylor,* 30 N. J. Eq. 618. The constitutionality of a statute, of course, is not involved here but the case is decisive of the question that is involved. The decree appealed from must be affirmed. It is so ordered.

ROSSMAN, J., not sitting.