Argued at Pendleton October 26; modified November 24, 1936

UMATILLA COUNTY *v.* BOWMAN ET AL.

(62 P. (2d) 266)

Department 2.

*A. S. Cooley,* of Pendleton, for appellant.

*C. C. Proebstel,* of Pendleton, for respondents.

BELT, J.  This suit was commenced by Umatilla county to foreclose certain delinquent tax certificates on land within the Westland Irrigation District. The State Land Board intervened for the purpose of asserting priority of its mortgage liens on the two tracts of land in question. The Westland Irrigation District, upon being made a party defendant, filed a general demurrer to the cross complaint of the State Land Board. The trial court sustained the demurrer and, upon refusal of the State Land Board further to plead, entered a decree

foreclosing the tax delinquency certificates. Hence this appeal.

The question presented is whether the tax liens of the irrigation district are superior and prior in right to the mortgage liens of the State Land Board.

### TRACT No. 1:

In 1906, the State Land Board loaned $2,500 from the irreducible school fund to W. H. Berry and wife taking, as security for the payment thereof, a mortgage upon land subsequently included in the irrigation district. The mortgage was renewed in 1916 and in 1926. The district was organized in 1917 and there never has been any bonded indebtedness. Tax assessments were levied, however, for maintenance and operation of the district. The State Land Board foreclosed its mortgage on the tract in question and became purchaser at its own foreclosure sale. The sale was confirmed and the State is now and, ever since obtaining the sheriff's deed on July 7, 1934, has been the owner of the land in question.

Under this state of the record is the irrigation district, acting through the county, entitled to assert its lien on land owned by the State? The question is settled adversely to the irrigation district in *Eagle Point Irrigation District v. Cowden,* 137 Or. 121 (1 P. (2d) 605). The district attorney, with commendable frankness, concedes that if the court adheres to such decision the decree relative to the above tract must be reversed. The Eagle Point case has been cited with approval by this court in the later cases of *State Land Board v. Campbell,* 140 Or. 196 (13 P. (2d) 346), and *State v. Davidson,* 147 Or. 504 (34 P. (2d) 608), and we see no reason at this time to repudiate the same. The controlling fact in that case, as here, is that the mortgage

of the State Land Board was executed and recorded prior to the organization of the district.

## TRACT No. 2:

In 1921, the State Land Board loaned $2,500 to Bertha C. Nation and her husband, accepting as security for the payment thereof a mortgage upon land *then* included in the irrigation district which, it will be recalled, was organized in 1917. The Land Board foreclosed its mortgage and became purchaser at sale in October, 1928. Sheriff's deed was obtained November 16, 1929, and ever since such time the State has been and is now the owner of the land in question. Assessments for maintenance and operation of the irrigation district were levied against the land for the years 1929 and 1930. The district has never had any bonded indebtedness.

The question presented relative to the above tract is whether a levy made by an irrigation district for operation and maintenance is superior to the lien of the State Land Board mortgage executed after the organization of the district. This question is answered adversely to appellant and in favor of the irrigation district in *State Land Board v. Davidson,* supra. In that case the question involved, as stated therein by the court, was: "Does a mortgage executed in favor of the State Land Board subsequent to the organization of an irrigation district, and subsequent to the issuance of bonds by such district, obtain precedence over said bonds and the assessments levied for the payment thereof and for the maintenance and operation of the district?" In answer to such question, it was held that the assessment lien of the district was superior to the mortgage lien of the State Land Board. In the David-

son case, the annual assessments were made for the operation and maintenance of the district as well as to pay bonded indebtedness. We can see no difference in principle between that case and the one under consideration, in so far as it pertains to Tract No. 2. There is no need for a restatement of the law. It may be found in the three cases above cited.

It follows that the decree of the lower court relative to Tract No. 1 is reversed and it is affirmed as to Tract No. 2. Neither party will recover costs or disbursements.

RAND and BAILEY, JJ., concur. BEAN, J., took no part in this decision.