Argued February 28; reversed March 21, 1939

## STATE LAND BOARD *v.* SCHROETLIN ET AL.

(88 P. (2d) 316)

Department 2.

*Willis S. Moore*, Assistant Attorney General, and *W. L. Mulvey*, of Oregon City (I. H. Van Winkle, Attorney General, on the brief), for appellant.

*P. K. Hammond*, Deputy District Attorney, of Oregon City (Fred Miller, District Attorney, of Oregon City, on the brief), for respondent.

RAND, C. J. This suit was instituted by the State Land Board, as plaintiff, to foreclose a mortgage of real property given by Mary A. Lee, now Mary A. Schroetlin, on December 27, 1926, to secure a loan of $1,900 of moneys belonging to the irreducible school fund. Defendants, other than Clackamas County, made no appearance and a default decree was entered against them. The district attorney appeared for Clackamas County and demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of suit against the county. The trial court sustained the demurrer and the plaintiff appeals from a decree dismissing the suit as to the defendant county.

It was alleged in the complaint that, after the mortgage was given, taxes, which are now delinquent, amounting to the sum of $943.99, were imposed upon the mortgaged land by Clackamas County during the years 1930 to 1936, both inclusive, and that the tax lien therefor was subject to the lien of the mortgage, and plaintiff prayed that a decree be entered holding to that effect.

This presents the sole question for decision in this case.

By section 69-722, Oregon Code 1930, taxes assessed against real property are declared to be a lien thereon and to have priority in payment over every judgment, mortgage or lien. This language is broad enough to cover a mortgage given to the State Land Board as security for moneys loaned belonging to the irreducible school fund.

In *State Land Board v. Campbell,* 140 Or. 196, 13 P. (2d) 346, it was held that this statute has no application to the lien of a mortgage given to secure moneys loaned from the irreducible school fund. It was also

held in that case that a tax lien is subject to the lien of a mortgage given to secure a loan of moneys made from said fund and that decision was based largely upon the doctrine announced by this court in *State Land Board v. Lee*, 84 Or. 431, 165 P. 372. In the latter case it was held that, in a suit to foreclose a mortgage given to the State Land Board for moneys loaned from said fund, the state is the real party in interest and was not bound by a general statute of the state unless expressly named in the statute or, by necessary implication, included therein. It is true the question of priority between a tax lien and the lien of a mortgage given to the State Land Board was not involved. The question there was whether a general statute, limiting the time in which a suit to foreclose a mortgage may be brought, applied to a mortgage given to the State Land Board for moneys loaned belonging to the irreducible school fund, and it was held that the limitation did not apply to the state, nor bar the state from foreclosing a mortgage after the expiration of the time limited. In a very able and exhaustive opinion written by Mr. Justice HARRIS and concurred in by all the members of the court, it was held that, in the foreclosure of mortgages given to the State Land Board as security for loans made from the irreducible school fund, the state was not barred by the statute from foreclosing the mortgage after the time limited had expired. In that case, the court pointed out that, under Article VIII, section 2, of the state constitution, "the proceeds of all the land which have been, or hereafter may be, granted to this state, for educational purposes * * *; all the moneys and clear proceeds of all property which may accrue to the state by escheat or forfeiture"; and all moneys derived from other specified sources "shall be set apart as a separate

and irreducible fund, to be called the common school fund, the interest of which, together with all other revenues derived from the school land mentioned in this section, shall be exclusively applied to the support and maintenance of common schools in each school district, and the purchase of suitable libraries and apparatus therefor.'' The court then said:

"* * * The state is expressly commanded by the Constitution to provide for the establishment of a uniform and general system of common schools; and, furthermore, the Constitution commands that the school funds derived from specified sources shall be irreducible and that the interest shall be applied exclusively to the support of the common schools. * * * The title to the funds is vested in the state in its sovereign capacity; the state is not a mere dry trustee, but it holds the funds in trust for the common schools of the state, and hence in trust for a public purpose; and therefore Chapter 304, Laws 1913, cannot bar the foreclosure of mortgages given to secure moneys borrowed from the irreducible school fund.''

citing in support thereof, among other cases, *State v. Chadwick*, 10 Or. 423, 428, and *Lawrey v. Sterling*, 41 Or. 518, 531, 69 P. 460.

Following that decision, in *Eagle Point Irrigation District v. Cowden*, 137 Or. 121, 1 P. (2d) 605, where the question was whether the district assessment liens against lands within the district which had been previously mortgaged to the State Land Board to secure moneys borrowed from the irreducible school fund should be given priority over the lien of the mortgage, it was held that the assessment liens did not have such priority and that, if the statute gave them such priority, it was in direct violation of Article VIII, section 2, of the state constitution.

In *State Land Board v. Campbell*, supra, where the identical question presented here arose, it was held that a lien for taxes imposed subsequently to the giving of a mortgage to the State Land Board for moneys loaned from the irreducible school fund was subject to the lien of the mortgage.

In *State Land Board v. Davidson*, 147 Or. 504, 34 P. (2d) 608, it was held that where bonds were issued by an irrigation district prior to the giving by one of the landowners within the district of a mortgage to secure the payment of a loan made by the State Land Board from the irreducible school fund, the lien of the bonds had priority over the lien of the mortgage. This was based partly upon the statute requiring the State Land Board to take as security, for moneys loaned from the irreducible school fund, only mortgages on lands against which no prior liens existed, or, when loaned on lands within an irrigation district, then only those coming within specific provisions of the statute. It was also based upon the constitutional provision that the state could not impair the obligation of a contract or destroy a vested right by anything subsequently done by it after the contract had been entered into or the right had become vested.

In *Umatilla County v. Bowman*, 155 Or. 49, 62 P. (2d) 266, it was held that assessment liens levied by an irrigation district for the expenses of operation and maintenance were inferior to the lien of a mortgage given to the State Land Board if the mortgage was executed before the organization of the district but superior to the mortgage if executed after the district had been organized.

■ The rules deducible from these decisions are: The State Land Board, in loaning moneys belonging to

the irreducible school fund, is loaning moneys which the state holds in trust for the purposes mentioned in Article VIII, section 2, of the state constitution and that, in the foreclosure of mortgages given to secure such loans, the state is the real party in interest and that no part of the moneys loaned and the interest thereon, when collected, can be used for any other purpose than those provided by the constitution; that, where a tax has been levied and is delinquent at the time the State Land Board accepts a mortgage upon the lands so taxed, the lien of the tax is superior to the lien of the mortgage subsequently taken, but where taxes are later imposed after the giving of a mortgage upon lands covered by the mortgage, the tax lien is inferior to the mortgage lien and, until the mortgage is paid in full, the mortgage has priority over the tax lien as to all moneys received from the sale of the property under foreclosure proceedings brought to enforce payment of the mortgage.

Hence, it follows that the lien of the mortgage involved here is prior in time and right to the lien of any taxes subsequently levied against the mortgaged land and the action of the court in sustaining the demurrer must be reversed. It is so ordered.

BELT, BAILEY and LUSK, JJ., concur.