STATE ex rel. COM'RS of the LAND OFFICE v. PASSMORE et al.

No. 29828. March 25, 1941.

Rehearing Denied July 8, 1941.

*115 P. 2d 120.*

Tom Huser, Campbell Hippen, and Orlando Sweet, all of Oklahoma City, for plaintiff in error.

Carl A. Beaven, County Atty., of Cheyenne, for defendants in error.

HURST, J. In 1927 the owners of 400 acres of land in Roger Mills county gave a mortgage thereon to the Commissioners of the Land Office to secure a loan of $2,500. In April, 1939, the land was acquired by the county at the tax resale. In January, 1940, this action was commenced by the State of Oklahoma on relation of the Commissioners of the Land

Office to foreclose said mortgage, the amount of principal and interest alleged to be then past due being $4,622.92. The plaintiff alleged that the land was sold for taxes accruing subsequent to the effective date of its mortgage. Plaintiff also alleged that the value of the land was less than the mortgage debt, and asked for the appointment of a receiver. Plaintiff named as defendants the board of county commissioners of Roger Mills county and the former owners of the land. The former owners made no defense. The board of county commissioners filed objections to the application for the appointment of a receiver, attached to its objections a copy of its tax deed, and alleged its duty to manage the property and the lack of authority for the appointment of a receiver where, as here, the mortgaged land has been acquired by the county at tax resale. The objections were sustained, the application for the appointment of a receiver denied, and the plaintiff appeals.

The plaintiff contends (1) that the county holds title in its corporate capacity and not for the state, under sections 7361 and 7362, O. S. 1931, 19 O. S. A. §§ 1 and 2, and the 1939 Resale Law (art. 31, ch. 66, S. L. 1939), and is subject to be sued under section 7361 in this cause; and (2) that in such an action the court has jurisdiction of the ancillary receivership proceeding.

The defendant contends: (1) That its right under the tax deed is coequal with, if not paramount to, the mortgage lien of the plaintiff, and that its title cannot be cut off or litigated in a mortgage foreclosure action; and (2) that the resale tax deed issued to the chairman of the board of county commissioners in legal effect places the title in the State of Oklahoma, and that there is no statute authorizing the state to foreclose such mortgage lien and thereby cut off the interest of the state acquired by the tax deed.

1. Tax liens, their duration, extent, and priority, are creatures of the Constitution or statutes. State v. National Bank of Commerce, 139 Okla. 134, 281 P. 579; Magee et al. v. Whitacre (Nev.)

106 P. 2d 751; Board of County Com'rs v. Bench Canal Drainage Dist. (Wyo.) 108 P. 2d 590; 61 C. J. 912. Since we have no constitutional provision creating such liens, the question is committed to the Legislature. The second Legislature in 1909 provided that "taxes upon real property are hereby made a perpetual lien," and that taxes on personal property are made a lien on real property for a limited time. See S. L. 1909, p. 603; R. L. 1910, § 7391; sec. 12723, O. S. 1931; 68 O. S. A. § 353. The same Legislature, in the same act, provided that the ad valorem tax lien "shall be subject at all times to the lien of the state or to the Commissioners of the Land Office," or of "any other commission, board, or office having power to loan public funds." S. L. 1909, p. 612; R. L. 1910, § 7414; sec. 12758, O. S. 1931, 68 O. S. A. § 394.

This priority was given under authority of section 6, art. 11, of the State Constitution to carry out the duty the state assumed by article 11 in accepting the funds and lands that had been set apart and were conveyed by the federal government to the state, and were required to be devoted to educational and other public purposes. Such lands and funds are referred to in article 11 as a "sacred trust" to "forever remain inviolate." Priority was given to liens securing the loan of such trust funds to guarantee "the safety of the funds and permanency of the investment" as required by section 6, art. 11. In order to further safeguard said funds the Legislature enacted section 10, art. 1, ch. 28, S. L. 1937, providing for the cancellation of delinquent taxes, tax certificates, and tax deeds on lands acquired by the Commissioners of the Land Office on which it had loaned such funds.

This court has discussed the conflicting rights of the state under mortgages securing the loan of said funds, of the county under ad valorem tax liens, and of the individual purchasers at tax sales, under said constitutional and statutory provisions, in the following cases: Board of County Com'rs of Woods County v. State, 125 Okla. 287, 257 P. 778, 53 A. L. R. 1128; State v. National Bank of Commerce, supra; State v. Galyon, 154 Okla.

204, 7 P. 2d 484; State v. Board of Com'rs of Nowata County, 166 Okla. 78, 25 P. 2d 1074.

In the Woods County Case, supra, it was held that prior to the sale to satisfy either lien, the mortgage lien and the ad valorem tax lien are coequal, and that section 12758, O. S. 1931, 68 O. S. A. § 394, could not have the effect of making the mortgage lien superior to the tax lien without violating section 53, art. 5, of the Constitution. In the National Bank of Commerce Case, supra, it was held that the mortgage lien is superior to the ad valorem tax lien held by an individual purchaser of a tax sale certificate, but that the tax lien for which no tax sale certificate had been issued was superior to the mortgage lien. In the Galyon Case, supra, without referring to the Woods County Case, it was held that after the Commissioners of the Land Office acquire title to land on which they have a mortgage the tax lien is extinguished and the county treasurer is without authority to thereafter sell the land for delinquent taxes. And in the Nowata County Case, supra, this court affirmed the doctrine announced in the Woods County Case as to the coequality of the liens, and reaffirmed the doctrine announced in the Galyon Case to the effect that the tax lien is extinguished when the state acquires title under its mortgage, and overruled the National Bank of Commerce Case insofar as it held that the tax lien was entitled to priority over the mortgage lien prior to the issuance of a tax certificate, and held that in such a mortgage foreclosure proceeding the tax lien could not be litigated or extinguished.

It will thus be seen that there is a lack of harmony in these decisions. It is not possible to reconcile the theory of equality of the liens with the rule in the Galyon Case, for if the liens are in fact of equal rank, we are unable to see how the foreclosure of one would have the effect of extinguishing the other. And there is much logic in the argument of the county that, if the liens are of equal rank, the rule should work both ways, and that when the tax lien is foreclosed and the county acquires title at the resale, the mortgage lien is in effect extinguished, which would seem to logically follow from the result reached in the Galyon Case.

After carefully considering the foregoing principles, constitutional and statutory provisions, and decisions, we are of the opinion that the rule of equality of liens stated in the Woods County Case was in effect departed from, and properly so, in the Galyon Case, but was not specifically overruled. We now specifically overrule said decision insofar as it is in conflict with this opinion. We now hold that the mortgage lien is superior to the tax lien as provided in section 12758, O. S. 1931. The Legislature had the right to create the tax lien, and this right included the right to provide that it would be inferior to the mortgage lien in favor of the state, Commissioners of the Land Office, or other state board or commission. Such is the holding of the Oregon court under similar constitutional and statutory provisions in State Land Board v. Schroetlin, 161 Ore. 146, 88 P. 2d 316. See, also, 61 C. J. 930, 1312; 53 A. L. R. 1134, note; State v. Divide County, 68 N. D. 708, 283 N. W. 184.

2. We are unable to agree with the contention of the county that the title was in effect vested in the state or in the county in trust for the state. The title is taken in the name of the chairman of the board of county commissioners, and all of the income and proceeds from the sale of the land is to be devoted to local purposes. Article 31, ch. 66, S. L. 1939. The tax lien was extinguished by the resale (Schuman v. Board of County Com'rs, 184 Okla. 339, 87 P. 2d 151) and the county acquired a fee-simple title (Schnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593) subject, however, to the superior lien in favor of the Commissioners of the Land Office as provided in section 12758. It follows that under the provisions of section 7361 the state on relation of the Commissioners of the Land Office may sue the county to foreclose its mortgage, and the court has jurisdiction of the receivership proceeding, and under section 16, art. 3, ch. 28, S. L. 1935, it is the mandatory duty of the court to appoint a receiver to take charge of said

land. Under the terms of the last-cited statute, the court has no discretion in the matter where the land is not actually occupied by the fee owner.

Reversed, with directions to proceed in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.