BURROUGHS v. STATE ex rel. COMMISSIONERS OF LAND OFFICE et al.

No. 30945. Dec. 5, 1944.

Rehearing Denied Jan. 23, 1945.

Application for Leave to File Second Petition for Rehearing Denied May 15, 1945.

*158 P. 2d 474.*

Goode & Goode, of Shawnee, for plaintiff in error.

Edwin A. Ellinghausen, of Sapulpa, and John W. Blanton, of Pauls Valley, for defendants in error.

OSBORN, J. This action was instituted in the district court of Pottawatomie county by the State of Oklahoma ex rel. Commissioners of the Land Office, against George W. Baker, Ellen Baker, W. E. Fellows, trustee of the estate of David D. Aitken, deceased, and other defendants, wherein plaintiff sought judgment upon certain promissory notes and for the foreclosure of a real estate mortgage executed by defendants George W. Baker and Ellen Baker. While the litigation was pending, William E. Fellows died and his successor, J. E. Burroughs, was made a party defendant and filed an answer and cross-petition, wherein he claimed title to the real property involved herein by virtue of a resale tax deed. The cause proceeded to trial upon the issues between plaintiff and the defendant trustee. The court determined the issues in favor of plaintiff, and said defendant has appealed.

The sole question presented upon this appeal is whether the title of defendant is superior to the mortgage lien of the plaintiff.

The cause was tried upon a stipulation of facts. From said stipulation it appears that the real estate mortgage involved herein was executed on September 13, 1922, and the note for which it was security was payable on September 15, 1927; that no part of the obligation has ever been paid; that the lands involved are located in Pond Creek drainage district No. 3 in Pottawatomie county; that the petition to create said district was filed on November 8, 1921, and the defendant George W. Baker was one of the petitioners and signed the bond required by statute upon filing such petition; that the preliminary viewers were appointed on November 8, 1921; that on October 11, 1922, the viewers filed their report fixing assessments upon the land, which report was set for hearing on November 10, 1922, and on that date said assessments were approved. It was further stipulated that none of the assessments levied against the land involved herein were ever paid, and that the land was duly advertised for sale at resale tax sale to be held by the county treasurer of Pottawatomie county in April, 1939; that the lands were advertised and sold for drainage assessments only; that William E. Fellows, trustee predecessor of J. E. Burroughs, defendant herein, attended the tax resale and bid the amount for which the lands were offered for sale, to wit, $4,480.24, and that a resale tax deed was issued to him; that the trustee of the estate of David D. Aitken owned all of the bonds issued by the drainage district. It was further stipulated that the money loaned the defendant Baker was a part of the school trust fund mentioned and covered by sections 5 and 6, art. 11, of the Constitution of the State of Oklahoma. It was further stipulated that the fair market value of the land involved herein does not exceed the sum of $5,000.

In the case of State ex rel. Com'rs of Land Office v. Passmore, 189 Okla. 232, 115 P. 2d 120, we held that an ad valorem tax lien imposed on land covered by a mortgage previously given to the Commissioners of the Land Office to secure a loan of public funds was in-ferior to the mortgage lien. It does not appear that we have ever determined the issue of priority between the lien of special assessments and a mortgage lien given to secure a loan of public funds. Both parties rely upon the above-cited case in support of the rule that, in the absence of constitutional provisions, liens for taxes, their duration, extent and priority are purely statutory.

Defendant Burroughs relies upon 82 O.S. 1941 § 338, which in part, provides:

"Assessments, . . . against all lots and parcels of land . . . benefited or affected by the drain . . . from the date of such confirmation of the report of the surveyor and viewers, until paid, constitute a lien to which only the lien of the state, county and municipality for taxes shall be paramount, upon the lands and crops produced by the owner . . . and shall be collected in the same manner as state, county and school taxes upon real estate and personal property are collected."

Plaintiff relies upon 68 O.S. 1941 § 394, which is as follows:

"Whenever any lands shall be sold for delinquent taxes under the provisions of this article upon which any mortgage or lien exists in favor of the State of Oklahoma or the Commissioners of the Land Office or any other Commission, Board or Officer having power to loan public funds, or any funds under the control of the state, upon real estate equity, such tax shall be secondary at all times to the lien of the state or of the Commissioners of the Land Office, or of such Commission, Board or Officer."

The question thus presented is practically identical with the question of priority determined in the case of State ex rel. v. Passmore, supra. In that case the question was whether or not the lien fixed by the above-quoted statute was superior to the lien for ad valorem taxes fixed by the specific provisions of 68 O. S. 1941 § 353. It was pointed out that the priority of the lien of the mortgage was fixed pursuant to the mandate of section 6,

art. 11, of the State Constitution, which enjoined upon the Legislature the duty of preserving the funds and lands conveyed by the Federal government to the state as a "sacred trust"; that the priority was given to liens securing the loan of such funds to guarantee "the safety of the funds and permanency of the investment", as required by the constitutional provision.

All of these statutes relating to priority of liens must be construed together and given effect as a whole, if possible, consistent with the intent of the Legislature.

Section 338, supra, relied upon by defendant herein, expressly provides that the lien of the drainage assessments constitutes a lien "to which only the lien of the state, county and municipality for taxes shall be paramount." Thus the statute fixing the lien for drainage assessments gives paramountcy to the lien of the state, county and municipality for general ad valorem taxes. Franklin Securities Co. v. Clay, 146 Okla. 102, 293 P. 529; Iowa Securities Co. v. Barrett, 210 Iowa, 53, 230 N.W. 528; City of Sanford v. Dial, 104 Fla. 1, 142 So. 233. Since the mortgage lien is superior to the state's lien for taxes, it would be wholly inconsistent to hold that it is inferior to the lien of the special assessments. The trial court did not err in holding that the mortgage lien was superior.

The defendant further contends that the judgment of the trial court operates to deprive him of valuable property rights and destroys the obligation of a contract. As heretofore stated, defendant was the owner of all of the bonds issued by the drainage district. It is sufficient answer to said contention to point out that when said bonds were purchased, the real property involved herein was encumbered with real estate mortgage, and section 394, supra, was in full force and effect so that defendant's predecessor was charged with full knowledge of the rights of the state at the time the bonds were purchased.

Finding no error in the judgment of the trial court, the same is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST DAVISON, and ARNOLD, JJ., concur. RILEY and WELCH, JJ., dissent.

WELCH, J. (dissenting). I think we should hold that the statute, 82 O. S. 1941 § 338, specifically and definitely fixes the status of the lien of special assessments for drains and ditches, *"to which only the lien of the state, county and municipality for taxes shall be paramount,"* as therein stated. This provision, first enacted as part of chapter 30, S. L. 1907-08, is clear and plain. It was carried forward without change in chapter 15, S. L. 1909, and in chapter 27, Revised Laws of 1910, and in chapter 166, S. L. 1913, and in section 6065 of Compiled Oklahoma Statutes 1921, and in section 13027, Oklahoma Statutes 1931, and in the last revision of 1941, as first above cited.

In this provision the Legislature continuously distinguished between such assessments on one hand and general taxes on the other hand. So it would seem the Legislature was still referring to general taxes in 68 O. S. 1941 § 394, and still observing the same distinction between general taxes on the one hand and special assessments on the other hand, which are levied not for the benefit of the state, county, or municipality, but are levied to provide a special fund to pay bonds; such bonds having been issued to pay for improvement and betterment of the land, and issued on the specific pledge of lien priority as quoted above.

For cases in which this court has emphasized the distinction between such assessments and general taxes, see Missouri State Life Ins. Co. v. Board of County Com'rs, Garvin County, 173 Okla. 26, 45 P. 2d 1101; Board of County Com'rs. v. Reirdon, 172 Okla. 312, 44 P. 2d 990; City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640; Riley v. Carico, 27 Okla. 33, 110 P. 738; Trus-

tees, etc., v. Hooten, 53 Okla. 530, 157 P. 293; and observe the reasoning and conclusion of the Territorial Supreme Court in Jones v. Holzapfel, 11 Okla. 405, 68 P. 511.

See, also, City of Ardmore v. State ex rel. Oklahoma Tax Commission, 168 Okla. 316, 32 P. 2d 728, wherein is assembled a wealth of authorities supporting the general rule to the effect that where the word "tax," "taxation," or "taxes" is employed in a statute, the terms apply only to property taxes or ad valorem taxes or general taxes for the support of government or annually recurring taxes.

So we would be well supported by authority in holding that when the Legislature used the term "delinquent taxes" and "such tax" in 68 O. S. 1941 § 394, it was intended to refer to general taxes and not to include special assessments.

The majority opinion errs in assuming and stating that the question here presented "is practically identical with the question of priority determined in the case of State ex rel. v. Passmore" (189 Okla. 232, 115 P. 2d 120). Abundant lack of controlling similarity is observed by reading both opinions.