## ORR v. METZGER.

No. 33014. March 23, 1948.

*192 P. 2d 647.*

Richard A. Hays, of Okmulgee, for plaintiff in error.

W. C. Alley, of Okmulgee, for defendant in error.

DAVISON, V.C.J. This is a suit to quiet title founded upon a certificate tax deed. The parties will be referred to as they appeared in the trial court.

In September, 1943, the defendant, Sparlin Orr, while the owner of a house and lot in Okmulgee, Oklahoma, upon which the 1942 taxes were due and unpaid, moved the house to another lot which he owned. At the annual tax sale on November 1, 1943, one John H. Alsop bought the lot and was issued a tax sale certificate thereon. In January, 1946, he assigned the certificate to H. W. Metzger, the plaintiff herein, who applied for and received from the county treasurer a tax deed to said lot dated April 2, 1946. Plaintiff then

instituted this suit, seeking possession of the house and damages for its detention upon the theory that as to the tax lien, it was still a part of the lot and subject to said lien, and also seeking to quiet his title to both. L. B. Orr, the brother of Sparlin Orr, was also made a party defendant. He answered alleging ownership of the lot, but he has not appealed from the judgment against him and has no interest in the matter here presented. The principal defendant disclaimed any interest in the lot, but claimed title to the house. Judgment was for the plaintiff, and defendant has appealed.

The sole question necessary for determination is the effect, upon the title to the house, of the tax certificate and deed based hereon, which described only the lot.

As an elementary proposition, an owner of realty may sever any fixture therefrom and the same immediately becomes personalty. In the instant case, the severance took place at a time when taxes were due and unpaid but prior to any tax sale or the issuance of a tax certificate. At the time plaintiff's assignor purchased the certificate, the house had been removed from the premises for some two months. Approximately two and one-half years later, plaintiff purchased the certificate and proceeded to secure a tax deed. He thereby became the owner of whatever interest his assignor had in the property.

As pointed out in the case of State ex rel. Commissioners of the Land Office v. Passmore et al., 189 Okla. 232, 115 P. 2d 120:

"In the absence of constitutional provisions to the contrary, liens for taxes, their duration, extent and priority are purely statutory."

68 O.S. 1941 §388 provides:

"The purchaser of any tract of land sold by the county treasurer for taxes shall be entitled to a certificate in writing . . . which certificate shall be assignable . . . . The purchaser shall have a lien on the land for the delinquent taxes. . . ."

This section of our laws was discussed at length in the case of State ex rel. Commissioners of the Land Office v. National Bank of Commerce of Pawhuska, 139 Okla. 134, 281 P. 579. Therein it was said:

" . . . The treasurer accepts the bid of the one who offers the amount of the taxes, interest, penalty, and cost for the smallest portion of the real estate and issues to the purchaser a certificate. The county treasurer has thereby collected the tax on the land 'in the manner provided by law,' and the lien of the state for taxes is thereby divested as much so as though the owner of the land had paid the tax with the interest, penalty and cost thereon. The lien of the state for taxes has ceased to exist.

" . . . There are a few states that hold, under the construction of their statutes, that the purchaser of a tax sale certificate acquires the lien of the state for taxes, but under our statute that is not true."

Regardless, then, of the extent of the lien of the state for taxes or what property was subject thereto, prior to the tax sale, plaintiff's grantor purchased a new independent lien, on the lot, which came into existence at the time of the tax sale, November 1, 1943. At that time, the house had been severed from and constituted no part of the lot which was sold. Therefore, he acquired no interest therein which could be conveyed to plaintiff.

Since plaintiff's tax deed affected only the lot and not the house, and since Sparlin Orr, the only appellant herein, disclaimed any title to or interest in said lot, he was precluded from attacking the validity of the deed under the provisions of 68 O.S. 1941 §453. Therefore, the questions touching the regularity of the deed are not properly before this court.

The judgment of the trial court against the defendant, Sparlin Orr,

should be vacated and judgment rendered in his favor, and it is so ordered.

HURST, C.J., and BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.